THE BAR ASSOCIATION OF BALTIMORE
CITY *v.* McCOURT

[Misc. Docket (Subtitle BV) No. 11, September Term, 1974.]

*Decided November 12, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Marvin J. Garbis* for the respondent.

*Robert W. Kernan* for The Bar Association of Baltimore City.

PER CURIAM. SMITH and DIGGES, JJ., dissent and filed a memorandum of dissent at page 327 *infra.*

PER CURIAM:

Frank McCourt, a member of the Bar of Maryland since October 24, 1958, was indicted by the federal grand jury in October of 1971, and arraigned on a four-count indictment charging him with wilfully, knowingly and unlawfully failing to file federal income tax returns for the years 1964,

1965, 1966 and 1967. He was found guilty as to the second count (1965) and his plea of nolo contendere as to the other counts was accepted by the Court. On June 14, 1972, the imposition of sentence was suspended and McCourt was placed on probation for one year.

Upon the filing of a petition for disciplinary action against McCourt by The Bar Association of Baltimore City, we referred the petition, pursuant to Maryland Rule BV3 b (now BV9 b), to the Supreme Bench of Baltimore City, designating Judges Anselm Sodaro (presiding), James A. Perrott and Robert I. H. Hammerman of the Eighth Judicial Circuit of Maryland to hear the charges and make a recommendation to the Court.

The memorandum opinion containing the findings of fact, conclusion of law and recommendation of the panel was filed in this Court in accordance with Rule BV5 a (now BV11 a 1) and no exceptions having been filed by either party within the time prescribed by Rule BV5 b 2 (now BV11 b 2), we issued an Order requiring McCourt to show cause why he should not be disbarred or suspended from the practice of law for a period in excess of the one year recommended by the panel.

The matter was twice argued before us and upon consideration of the record before the panel of judges and the record and proceedings in this Court, the memorandum opinion of the panel of judges is hereby adopted and made a part of this opinion. Accordingly, we accept the panel's recommendation that Frank McCourt be suspended from the practice of law in this State for a period of one year accounting from December 12, 1975.

*It is so ordered.*

*Memorandum of Dissent:*

Judges Smith and Digges think that respondent's conviction for *"wilfully"* failing to file federal income tax returns *in four separate years,* "crime[s] involv[ing] moral turpitude," which systematically through "fraud or deceit"

cheated the United States of money justly due it, requires disbarment when, as here, there are no compelling extenuating circumstances. *Rheb v. Bar Ass'n of Baltimore*, 186 Md. 200, 204, 46 A. 2d 289 (1946); *cf. Bar Ass'n of Balto. City v. Siegel*, 275 Md. 521, 524, 340 A. 2d 710 (1975); *Maryland St. Bar Ass'n v. Callanan*, 271 Md. 554, 556, 318 A. 2d 809 (1974); *Maryland St. Bar Ass'n v. Agnew*, 271 Md. 543, 547, 318 A. 2d 811 (1974).

## MEMORANDUM OPINION OF

## THE PANEL

## FINDINGS OF FACT

On October 22, 1974, the Bar Association of Baltimore City, pursuant to Article 10, Section 13 of the Annotated Code of Maryland (1968 Repl. Vol.) and Rule BV3 of the Maryland Rules of Procedure, filed in the Court of Appeals of Maryland a petition for Disciplinary Action against the Respondent, Frank J. McCourt, who has been a member of the Bar of the State of Maryland since October 24, 1958. The Petition sets forth conduct by the Respondent, which, in the opinion of the Baltimore City Bar Association, warranted the bringing of charges against Mr. McCourt of professional misconduct, crimes involving moral turpitude and conduct prejudicial to the administration of justice.

The Court of Appeals of Maryland, by order dated October 30, 1974, transmitted the charges to the Supreme Bench of Baltimore City to be heard and determined by this panel consisting of Judges Anselm Sodaro (presiding), James A. Perrott and Robert I. H. Hammerman of the 8th Judicial Circuit of Maryland in accordance with Rule BV4 of the Maryland Rules of Procedure. On November 15, 1974, Mr. McCourt, through his counsel, filed an Answer to the Petition admitting the allegations contained therein but denied that his convictions on June 14, 1972, for having failed to file Federal Income Tax Returns in violation of Title 26 U.S. Code, Section 7203 for each of the years 1964 through 1967 constituted professional misconduct, crimes involving moral turpitude or conduct prejudicial to

the administration of justice. A hearing was held before the above referred to Judges of the Supreme Bench of Baltimore City on December 2, 1974. At the hearing, counsel for the Petitioner, pursuant to instruction from the Petitioner's Executive Council, advised the Court that the Bar Association of Baltimore City did not seek the ultimate penalty of disbarment in this case. At the hearing counsel for the Petitioner recommended to the Court that the appropriate sanction would be the Respondent's suspension from the practice of law for a reasonable period of time.

Leave was granted to the parties at the conclusion of the hearing to file memoranda. Respondent has conceded for the purposes of this case, that his conviction of having failed to file Federal Income Tax Returns for the years 1964 through 1967 constitutes professional misconduct and therefore exposes him to disciplinary action.

The federal misdemeanors of failing to file Federal Income Tax Returns of which the Respondent stands convicted occurred between April 15, 1965 and April 15, 1968. These offenses were committed by the Respondent during the time that he was an elected Delegate to the Maryland House of Delegates and a Senator in the Maryland State Senate. In each of the years involved the Respondent also earned income in the form of legal fees from which Federal Taxes were not withheld. Some of the Respondent's fees were paid in cash. The fees paid in cash totalled a little more than $3,000.00 during the four (4) year period. The Respondent's income from legal fees was not reported to the Internal Revenue Service until after it was discovered by an investigation conducted by the Internal Revenue Service. Shortly after he failed to file his Federal Income Tax Return in April of 1968, the Respondent left the country. He subsequently returned to this country, and in October of 1971 was indicted and arraigned on a four-count indictment charging him with wilfully, knowingly and unlawfully failing to make Income Tax Returns to the Federal Government.

On November 29, 1971, after waiver of a jury trial and trial by the Court, the Respondent was found guilty of each of the alleged violations; however, on June 9, 1972, after a

conference between Court and counsel, the Court withdrew its "guilty" findings as to Counts 1, 3 and 4 and the Respondent was rearraigned and tendered a plea of *Nolo Contendere* as to those counts. This plea was accepted by the Court. On June 14, 1972, the Court adjudged that the Respondent was guilty as charged and convicted as to Count No. 2. The Court further adjudged that imposition of sentence under all counts of the indictment, was to be suspended and that the Respondent was to be released on probation for the period of one year upon the usual conditions of probation.

In refusing to sentence the Respondent to a term of confinement, the Court took into consideration the Government's position, as expressed by the prosecutor, that it was willing to recommend the Respondent's probation in order to avoid the lengthy hearings which would be entailed in resolving the Respondent's contention that "tainted" evidence provided a basis for the prosecution. The Court also accepted his contention that if he had been successful on the "tainted" evidence question, no tax liability would have remained in three of the years involved, and only a very small amount of tax liability would have resulted in the remaining year. This latter amount would have been eliminated by a carry forward upon the filing of a return for the following year. In sentencing the Respondent, the Court took into account only those facts which were clearly not "tainted." Finally the sentencing Court, also considered the psychiatric report prepared for the Respondent by Dr. Leonard Rothstein in which Dr. Rothstein concluded that the Respondent's failure to file Income Tax Returns as well as his lack of attention to other responsibilities, clearly showed that the Respondent had a neurotic personality disorder, medically classifiable as a "* * * passive-aggressive personality, passive-dependent type." Dr. Rothstein explained in his report that such a "* * * personality disorder is characterized in the patient by emotional immaturity and dependency, procrastination and avoidance of unpleasant reality, hedonistic pursuits and difficulty in handling hostile, rebellious and other negative emotions."

Notwithstanding these manifestations of the disorder in the Respondent, Dr. Rothstein concluded that "* * * at the time of the due dates of the tax returns in question, Mr. McCourt did not lack the capacity to appreciate the wrongfulness of his conduct or strictly speaking, to conform his conduct to the requirements of the law." Respondent, who has continued to practice law, has not been psychiatrically treated for his disorder, since his examination for purposes of the criminal case, nothwithstanding Dr. Rothstein's conclusion that such treatment was indicated and would probably be of extensive duration.

Subsequently the Bar Association of Baltimore City after affording Respondent a hearing in the matter, at which he was present and represented by counsel of his choice, approved the filing of charges as set forth in the Petition filed in this case.

## CONCLUSION OF LAW

From the above findings of fact, this Panel concludes that the Respondent's conviction and sentence for wilfully, knowingly and unlawfully failing to file Federal Income Tax Returns, based upon the acceptance of his plea of *nolo contendere*, and the guilty finding of the Court on the second count of the indictment before the United States District Court for the District of Maryland, which has now become final, is conclusive proof of the Respondent's guilt of the crime. (Maryland Rule BV4F).

There is authority in Maryland for the proposition that wilfully, knowingly and unlawfully failing to file Federal Income Tax Returns involves fraud or deceit and moral turpitude. (*Rheb v. Bar Association of Baltimore*, 186 Md. 200.)

The Panel is also aware that in the case of *The Prince George's County Bar Association v. James Franklin Vance*, 273 Md. 79, Judge Levine, speaking for the Court of Appeals of Maryland, said as follows:

"That disciplinary proceedings will lie when an attorney is charged with, and sanctions imposed if

there is a finding of, 'professional misconduct, malpractice, fraud, deceit, crime involving moral turpitude, [and] conduct prejudicial to the administration of justice,' is clear from a reading of Maryland Code (1957, 1968 Repl. Vol.), Art. 10, §§ 13 and 16. As we have noted, respondent has conceded that his conduct reflects overtones of deceit."

The Panel is therefore unanimously convinced that sanction should be imposed in this case. The Panel rejects the argument that the small amount of income involved and the resulting minuscule tax liability warrants only the slightest of sanctions.

## RECOMMENDATION

The Bar Association of Baltimore City, through its counsel, has recommended to the Court that the appropriate sanction would be the Respondent's suspension from the practice of law for a reasonable period of time. In light of this and in considering the other factors proffered in mitigation, we feel that the appropriate sanction in this case would be Mr. McCourt's suspension from the practice of law for a period of one year.

/s/ Anselm Sodaro, A. J.

/s/ James A. Perrott, A. J.

/s/ Robert I. H. Hammerman, A. J.