767 A.2d 865

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

John L. CLARK, Jr.

No. 19, Sept. Term, 2000.

Court of Appeals of Maryland.

March 6, 2001.

170

Melvin Hirshman, Bar Counsel and Gail Kessler, Asst. Bar Counsel, for the Atty. Grievance Com'n., petitioner.

John L. Clark, Jr., Columbia, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

BATTAGLIA, Judge.

Bar Counsel, on behalf of the Attorney Grievance Commission (AGC) and at the direction of the Review Board, filed a petition with this Court for disciplinary action against John L. Clark, Jr., Esquire,[1] pursuant to Maryland Rule 16–709(a).[2] In the petition, Bar Counsel alleged that respondent violated Rules 1.15(a) and (b), 8.4(a), (b), (c), and (d) of the Maryland Rules of Professional Conduct (MRPC)[3] by failing to file his

---

1. Respondent was admitted to the Bar of this Court on May 21, 1981 and to the Bar of the District of Columbia in 1983. He currently maintains an office for the practice of law in Howard County, Maryland.

2. Rule 16–709(a) states that: "[c]harges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board."

3. Rule 1.15 states in relevant part:
 (a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and of other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

Maryland income tax returns in a timely manner, if at all, failing to pay trust fund income taxes withheld from his employees' wages and by failing to maintain a separate ledger account for withholding tax monies. This Court referred the matter to Judge Pamela L. North of the Circuit Court for Anne Arundel County to conduct an evidentiary hearing and make findings of fact and conclusions of law in accordance with Maryland Rules 16–709(b)[4] and 16–711(a).[5] After an evidentiary hearing, Judge North found, by clear and convincing evidence, that respondent violated MRPC 8.4(a), (b) and (c). The petitioner filed exceptions to Judge North's conclusions that respondent did not violate Rule 1.15(b) and Rule 8.4(d). Respondent did not take any exceptions. We sustain petitioner's exceptions and hold that respondent violated Rules 1.15(b), 8.4(a),(b),(c) and (d). In light of the mitigating factors present in this case, we shall suspend the respondent indefi-

---

(b) Upon receiving funds or other property in which a client or a third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third party is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

Rule 8.4 states, in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice.

4. Rule 16–709(b) states that "[t]he Court of Appeals by order may direct that the charges be transmitted to and heard in any court and shall designate the judge or judges to hear the charges and the clerk responsible for maintaining the record in the proceeding."

5. Rule 16–711(a) states that a "written statement of the findings of facts and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."

nitely with an immediate right to reapply, subject to the conditions discussed herein.

## I. Facts

This disciplinary action arose from respondent's failure to comply with the income tax withholding requirements under Maryland law. Respondent employed Lola Robinson Ford as his secretary from June or July of 1991 to February 2000.[6] As an employer, respondent was required to withhold income taxes from his employees' salaries pursuant to § 10–906(a) of the Tax–General Article.[7] The respondent was required to maintain a separate account for the withholdings and hold them in trust for the State.[8] The respondent was also required to keep a ledger clearly showing the amount of tax withheld and indicating that it was the property of the State.[9]

In 1990, the Comptroller of the Treasury of the State of Maryland opened an employer's withholding tax account for respondent in the name of "Clark & Clark, P.A." effective December 21, 1989. The respondent's withholding account was placed on a monthly filing and a quarterly payment

---

6. Ford was Respondent's only employee, although Respondent testified that he treated himself as an employee.

7. MD CODE. (1988, 1997 Repl.Vol., 2000 Supp.) § 10–906 of the Tax–General Article states:
 (a) *Required:* Except as provided in § 10–907 of this subtitle, each employer or payor shall:
 (1) withhold the income tax required to be withheld under § 10–908 of this subtitle; and
 (2) pay to the Comptroller the income tax withheld for a period with the withholding return that covers the period.
 (b) *Tax withheld deemed held in trust.*—Any income tax withheld is deemed to be held in trust for the State by the employer or payor who withholds the tax.
 (c) *Separate account required.*—An employer or payor who withholds income tax shall keep a separate ledger account for withholdings that indicates clearly:
 (1) the amount of income tax withheld; and
 (2) that the income tax withheld is the property of the State.

8. *See* MD. TAX–GENERAL § 10–906(b), *supra* note 7.

9. *See* MD. TAX–GENERAL § 10–906(c), *supra* note 7.

schedule for state income tax withheld from his employees' wages. Due to respondent's failure to file the required monthly withholding tax returns and to make quarterly payments, the Comptroller filed a Notice of Lien of Judgment for Unpaid Tax in the amount of $3,577.95 against Clark & Clark, P.A. in the Circuit Court for Howard County on January 14, 1993.[10] In a Notice of Intent to Assess dated March 25, 1994, the Comptroller warned the respondent that unless he reported the actual amounts of delinquent tax he owed from September 1992–February 1994 within 10 days of the Notice, the amount would be estimated and he would be held responsible. Respondent did not supply the actual figures.

Respondent personally appeared at the Comptroller's Office on June 16, 1994, and paid $4,200 toward his outstanding balance, eliminating his tax liability (including interest and penalties) for 1991 and part of 1992. Respondent was credited $116.74, but was also notified that he was still delinquent for the period of September 1992–April 1994.

On July 18, 1994, respondent again appeared in person to file his delinquent returns for the September 1992–May 1994 period and submitted a payment in the amount of $2,217.88. This money was applied to his outstanding tax debt (exclusive of penalties) from his September 1992, December 1992, and January–May 1994 returns.

On August 15, 1994, respondent made a payment in the amount of $3,433.45 which was applied to the tax from his January–December 1993 returns. On December 6, 1994, respondent made a payment in the amount of $400.00 which was applied to the outstanding interest and penalty for 1992 and 1993. On June 29, 1995, respondent filed his June–December 1994 and January–May 1995 withholding tax returns without making any tax payments.

The Comptroller filed a second Notice of Lien of Judgment for unpaid tax on June 25, 1996 against Clark & Clark, P.A. in

---

**10.** The amount of the unpaid tax was $2,744.57, plus interest of $286.90 and a penalty of $546.48, for a total of $3,577.95.

the Circuit Court for Howard County, claiming $6,990.74.[11]

On August 23, 1996, the Comptroller posted an MW–508 [12] for tax year 1995 with attached W–2's totaling $2,773.86 and respondent's account was charged $207.48 in order to balance his withholding tax account for 1995. Respondent did not pay the tax for the period of September–December 1995.

The Comptroller filed a third Notice of Lien Judgment for unpaid tax on December 23, 1996, against the respondent in the Circuit Court for Howard County claiming $7,281.74.[13]

In a letter dated April 1, 1997, the Comptroller requested that respondent remit his total outstanding tax debt within ten days. On April 9, 1997, respondent filed his January 1996–May 1997 returns without payment of the appropriate tax, interest, and penalty, and requested to pay the Comptroller $350.00 for the months of May through July 1997, with the balance to be paid in August 1997. The Comptroller received payments from Respondent as follows: $700 on May 1, 1997,[14] $250 on June 9, 1997,[15] and $500 on October 9, 1997.[16] The Comptroller filed a fourth Notice of Lien Judgment on August 18, 1997, against respondent in the Circuit Court for Howard County claiming a lien for delinquent and unpaid tax in the amount of $11,244.82.[17]

---

11. The amount of the unpaid tax was $4,477.34, plus interest of $1,356.71 and penalties of $1,156.69, for a total of $6,990.74.

12. The MW–508 is the Maryland Employer's Annual Withholding Reconciliation Report that must be filed with the Comptroller of the Treasury. See COMAR, 03.04.01.01.

13. The amount of the unpaid tax was $4,477.34, plus interest of $1,647.71 and penalties of $1,156.69, for a total of $7,281.74.

14. This payment was applied to the outstanding interest and penalties for tax year 1993.

15. This payment was applied to the outstanding interest for tax year 1993 and penalties for tax year 1994.

16. This payment was applied to the outstanding interest and penalties for tax year 1994.

17. The amount of unpaid tax was $8,077.25, plus interest in the amount of $1,954.92 and penalties of $1,212.65 for a total of $11,244.82.

On August 4, 1998, the Comptroller received from the respondent a payment in the amount of $325.96, which was applied to penalties for 1994.

On January 28, 1999, respondent filed his April 1997 though December 1998 returns without payment of the appropriate taxes, interest, or penalties.

The Comptroller's Office established an eighteen-month payment plan with the respondent to pay his balance of $12,410.85 on February 10, 1999. The agreement stipulated that respondent would make payments of $700.00 on the 15th of each month beginning on March 15, 1999 and would remain current on all future returns. Respondent made the first payment under the plan on March 11, 1999, but did not make the second payment which was due April 15, 1999. Since March 11,1999, respondent has made the following payments to the Comptroller: $1400 on May 11, 1999; $700 on June 18, 1999; $700 on July 30, 1999; and $700 on August 19, 1999.

In December 1999, the Comptroller's Office informed respondent that the payment arrangement was in default and that, therefore, the total withholding tax balance was due. Respondent paid $3,600 prior to the Inquiry Panel hearing on January 20, 2000 and $3,000 in August 2000, prior to the hearing before Judge North. According to the representations made by respondent, the remaining delinquent balance of $5,800 was paid by the time petitioner and respondent appeared before this Court on February 2, 2001.

In testimony before both the Inquiry Panel and Judge North, the respondent admitted that he knew he had a statutory duty to withhold taxes, accurately document his withholdings, and file and pay employee withholdings to the State. Respondent acknowledged that the W–2 forms he provided his employee indicated that money had been withheld for taxes, when in fact, the money had not been withheld for the sole purpose of remittance to the State. Respondent stated that his conduct was the result of both his lack of

money and his inability to effectively manage money.[18] Respondent admitted to the allegations contained in the Attorney Grievance Commission's Petition for Disciplinary Action but denied that his actions violated MRPC 1.15 and 8.4.

## II. Findings of Fact and Conclusions of Law

Judge North found that the petitioner had shown, by clear and convincing evidence, that respondent violated §§ 10–906(a) (c),[19] 10–817,[20] and 13–1007[21] of the Maryland Tax–

---

**18.** Respondent also testified that he was owed a substantial amount of money by his clients.

**19.** *See* MD. TAX–GENERAL § 10–906 *supra* note 7.

**20.** MD. TAX–GENERAL § 10–817 states, "A person required to withhold income tax under § 10–906 of this title shall file an income tax withholding return."

**21.** MD. TAX–GENERAL § 13–1007 provides penalties for the following violations:
(a) *Willful failure to file income tax withholding return.*—A person who is required to file an income tax withholding return and who willfully fails to file the return as required under Title 10 of this article is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $5,000 or imprisonment not exceeding 5 years or both.
(b) *Willful failure to withhold income tax.*—A person who is required to withhold income tax and who willfully fails to withhold the tax as required under Title 10 of this article is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $5,000 or imprisonment not exceeding 5 years or both.
(c) *Willful failure to pay income tax withheld.*—A person who is required to pay over income tax and who willfully fails to pay over the tax as required under Title 10 of this article is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $5,000 or imprisonment not exceeding 5 years or both.
(d) *Willful failure to provide copies of withholding tax statement or willfully providing false income tax withholding statement.*—A person who is required to provide an income tax withholding statement under Title 10 of this article and who willfully fails to provide an income tax withholding statement or who willfully provides a false income tax withholding statement is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $500 or imprisonment not exceeding 6 months or both.
(e) *Willful failure to provide information on income tax withholding certificate or willfully filing false income tax withholding certificate.*—A person who is required to file an income tax withholding certifi-

General Article. Respondent had filed Maryland withholding tax returns late or not at all and had failed to pay trust fund income taxes that he claimed were withheld from his employees' wages since January 1993. These facts are uncontested. The only factual finding requiring specific mention is Judge North's finding that while certain tax forms indicated that the respondent had withheld money, he never actually withheld money. Petitioner excepts to this finding.

Judge North concluded that respondent violated Rules 8.4(a),(b), and (c). *See* MARYLAND RULE OF PROFESSIONAL CONDUCT 8.4, *supra* note 3. By failing to comply with § 13–1007 of the Tax–General Article, respondent committed a criminal act, thus violating Rule 8.4(b). By misrepresenting to the Comptroller that monies were withheld, when in fact they were not, he violated Rule 8.4(c). Having found respondent in violation of these disciplinary rules, Judge North also found respondent in violation of Rule 8.4(a). Judge North found no violation of Rule 8.4(d) because it "[could not] be said by clear and convincing evidence that Respondent's conduct taken as a whole, has been 'prejudicial to the administration of justice,' " explaining that the respondent had fully cooperated with the Attorney Grievance Commission throughout these proceedings.

Judge North concluded that there was no violation of MRPC 1.15(a) because "read strictly, Rule 1.15(a) requires the lawyer to hold 'property' of 'third persons . . . *in connection with a representation*' separately from the lawyers own property." Judge North stated that because Rule 1.15(a) specifi-

cate, under Title 10 of this article, and who willfully fails to provide information required on the withholding certificate or who willfully files a false certificate that results in the withholding of less than the required tax is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $500 or imprisonment not exceeding 6 months or both.

(f) *Failure to comply with wage lien.*—An employer who fails to pay to the Comptroller salary, wages, or other compensation for personal services subject to a wage lien as required under § 13–811 of this title is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $500 or imprisonment not exceeding 6 months or both.

cally references an attorney's representation of a client, respondent's conduct did not seem to fall within the parameters of the Rule. With respect to Rule 1.15(b), Judge North concluded that significant statutory confusion surrounding the definition of "third person" made it impossible to find by clear and convincing evidence that respondent violated 1.15(b). The Maryland Rules of Professional Conduct do not define who is implicated by the phrase "third person," and thus, Judge North reviewed the definition of "person" under the Tax–General Article [22] and the Maryland Rules [23] to determine if the State could be considered a "third person" to whom the respondent owed a duty to deliver property. Finding conflicting definitions, Judge North concluded that respondent could not be found in violation of Rule 1.15(b).

Petitioner filed exceptions to the conclusions that respondent did not violate Rule 1.15(b) or Rule 8.4(d).

### III. Standard of Review

 As holder of original and complete jurisdiction over attorney disciplinary proceedings, the ultimate decision as to whether a lawyer has violated professional rules rests with this Court. *See* MD. RULE 16–709(b); *see also Attorney Grievance Comm'n of Maryland v. Gavin,* 350 Md. 176, 189, 711 A.2d 193, 200 (1998); *Attorney Grievance Comm'n of Maryland v. Garland,* 345 Md. 383, 392, 692 A.2d 465, 469 (1997) *(citing Attorney Grievance Comm'n of Maryland v. Joehl,* 335 Md. 83, 88, 642 A.2d 194, 196 (1994)). Under an independent review of the record, this Court determines whether the findings of the hearing judge are based on clear

---

**22.** The Maryland Tax–General Article, § 1–101(p)(2) states that " 'person', unless expressly provided otherwise, does not include a governmental entity or a unit or instrumentality of a governmental entity."

**23.** Rule 1–202(r) defines "person" as including "any individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, its agencies or political subdivision, any court, or any other governmental entity."

and convincing evidence. *See Attorney Grievance Comm'n of Maryland v. Mooney,* 359 Md. 56, 73, 753 A.2d 17, 26 (2000) (*quoting Attorney Grievance Comm'n of Maryland v. Gavin,* 350 Md. 176, 189, 711 A.2d 193, 200 (1998)). The "hearing court's findings of fact are prima facie correct and will not be disturbed unless they are shown to be clearly erroneous." *Id.* (*citing Attorney Grievance Comm'n of Maryland v. Garland,* 345 Md. 383, 392, 692 A.2d 465, 469 (1997)). The conclusions of law are reviewed de novo. *See Attorney Grievance Comm'n of Maryland v. Briscoe, III,* 357 Md. 554, 562, 745 A.2d 1037, 1041 (2000).

## IV. Discussion

### A. Exception Pertaining to Factual Finding

■ We sustain the petitioner's exception to Judge North's finding that respondent was guilty of the appearance of withholding which was made on certain tax forms but that no money was actually withheld. Because respondent admitted that he used monies withheld from Lola P. Ford–Robinson's salary for his own personal or business purposes, and that he used monies withheld from his salary for his own personal or business purposes, it is clearly erroneous to conclude that no money was actually withheld.

### B. Exception Pertaining to Rule 1.15(b)

■ This Court has not been called upon, until now, to determine whether the acts to which the respondent admits— failing timely to file withholding tax returns and/or to remit the taxes reportedly withheld and to hold in trust those taxes—fall within Rule 1.15(b). Judge North's conclusion that respondent did not violate Rule 1.15(b) was based solely on the perceived ambiguity of the definition of "person" under that provision. If the State is a "person" to whom the respondent owed a fiduciary duty, then the respondent violated Rule 1.15(b) by failing to "promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive ..." *See* Maryland Rules of Professional Conduct 1.15(b), *supra* note 3. Because the

Maryland Rules of Professional Conduct are set forth in the Appendix of the Maryland Rules pursuant to Rule 16–812,[24] the definition of "person," if ambiguous within the context of the MRPC Rule itself, should be construed under Maryland Rule 1–202(r).[25] The Maryland Rules define "person" to include the State, and thus, the respondent was obligated to act as a fiduciary of the State's property (the withheld taxes) under MRPC 1.15(b).[26] This outcome is consistent with the purpose for which Rule 1.15 was enacted—to ensure the safekeeping of property not belonging to the attorney which he holds in trust for another.

Rule 1.15(a) and (c) are specific to a lawyer's duties "in connection with a representation" while Rule 1.15(b) refers generally to a lawyer's duty to act with the care of a professional fiduciary for *any* property held by an attorney on behalf of third persons. As articulated in the preamble to the Maryland Rules, "[a] lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs." *See* MARY-LAND RULES OF PROFESSIONAL CONDUCT, Preamble. As an officer of the court, the lawyer is a public servant; and as a public servant, the lawyer has a special responsibility to act in the public interest. Applying Rule 1.15(b) to the respondent's failure to file withholding tax returns and remit the taxes withheld to the State is consistent with these principles. We sustain petitioner's exception and find that respondent violated Rule 1.15(b).

### C. Exception Pertaining to Rule 8.4(d)

 Judge North's conclusion that respondent's cooperation with the Attorney Grievance Commission's investigation pre-

---

24. MD. RULE 16–812 states "[t]he Maryland Rules of Professional Conduct, as set forth in Appendix: Rules of Professional Conduct of the Maryland Rules, are hereby adopted."

25. *See* MD. RULE 1–202(r) *supra* note 23.

26. The Comment to Rule 1.15 states that a "lawyer should hold property of others with the care required of a professional fiduciary."

cluded a finding of a violation of Rule 8.4(d) is incorrect. The standard for reviewing an 8.4(d) violation is not whether the attorney's post-event conduct is prejudicial to the administration of justice, but rather, whether the conduct which forms the basis of the Attorney Grievance Commission's charge was prejudicial to the administration of justice. Clearly an attorney's lack of cooperation with the Attorney Grievance Commission could, in and of itself, be a violation of Rule 8.4(d). The obverse does not follow.

The conduct which the Attorney Grievance Commission regarded as a violation of Rule. 8.4(d) was the respondent's failure to timely file withholding tax returns, to remit the taxes withheld and to hold the withheld taxes in trust, the very conduct which this Court has previously held to be "prejudicial to the administration of justice." *See Attorney Grievance Comm'n of Maryland v. Post*, 350 Md. 85, 99, 710 A.2d 935, 942 (1998).

In *Attorney Grievance Commission v. Baldwin*, this Court explained that:

> [An attorney's] willful failure to file withholding tax returns may seriously impair public confidence in the entire profession ... The lawyer, after all, is intimately associated with administration of the law and should rightfully be expected to set an example in observing the law. By willfully failing to file his tax returns, a lawyer appears to the public to be placing himself above that law.

308 Md. 397, 407–08, 519 A.2d 1291, 1297 (1987) (citing, in part, *Attorney Grievance Commission v. Walman*, 280 Md. 453, 464–65, 374 A.2d 354, 361 (1977)). Public confidence in the legal profession is a critical facet to the proper administration of justice. Respondent's conduct, similar to that of Baldwin's, erodes public confidence, and thus, is prejudicial to the administration of justice. We sustain petitioner's exception and find that respondent violated Rule 8.4(d).

## V. Sanction

This Court is mindful that the purpose of the sanctions is to protect the public, to deter other lawyers from

engaging in violations of the Maryland Rules of Professional Conduct, and to maintain the integrity of the legal profession. *See Attorney Grievance Comm'n of Maryland v. Hess*, 352 Md. 438, 453, 722 A.2d 905, 913 (1999) (*quoting Attorney Grievance Comm'n of Maryland v. Webster*, 348 Md. 662, 678, 705 A.2d 1135, 1143 (1998)). We have stated that "[t]he public is protected when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n of Maryland v. Awuah*, 346 Md. 420, 435, 697 A.2d 446, 454 (1997). Therefore, the appropriate sanction depends upon the facts and circumstances of each particular case, including consideration of any mitigating factors. *See Attorney Grievance Comm'n of Maryland v. Atkinson*, 357 Md. 646, 656, 745 A.2d 1086, 1092 (2000); *Attorney Grievance Comm'n of Maryland v. Gavin*, 350 Md. 176, 197–98, 711 A.2d 193, 204 (1998).

In *Attorney Grievance Commission v. Post*, 350 Md. at 101, 710 A.2d at 943, Chief Judge Bell, writing for the Court, addressed several mitigating factors which affected the ultimate sanction issued by this Court for an attorney's failure to file withholding income tax returns, to remit taxes withheld, and to hold withheld taxes in trust—the very charges before us today. Similar mitigating factors are present in this case as well, namely, that there had never been a finding of fraudulent intent on the part of the respondent, that the respondent, while often late, never sought to avoid his obligation to file returns or remit taxes, and finally, that, as of the time of oral argument before this Court, respondent was current on—or in this case, had completed—the payment plan with the Comptroller. While respondent's conduct consisted of inveterate violations of the Tax–General Article throughout the duration of Ford's employment, respondent did attempt to come into compliance with the withholding tax requirements on several occasions—an indication of his willingness to confront the financial and managerial problems before him. In addition to paying the Comptroller's Office the outstanding balance in its entirety, the respondent in this case has taken

several additional steps to ensure that such violations will not occur again. Respondent testified before Judge North that he made arrangements with his accountant to maintain a continuous relationship by granting him authority over his accounts and monies, that he established escrow and payroll accounts and that he no longer employs persons other than himself. In light of these mitigating factors, we believe the appropriate sanction is an indefinite suspension with immediate right to reapply. Prior to reinstatement, we order respondent to provide, to the satisfaction of Bar Counsel, written documentation from the Comptroller's Office that he is in good standing with respect to his tax obligations, and written documentation demonstrating the establishment of escrow and payroll accounts and the accountant's authority to oversee those accounts.

*IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(c), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST JOHN L. CLARK, JR.*