837 A.2d 158

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Matthew Gordon TAYBACK.**

**Misc. AG No. 28, Sept. Term, 2002.**

Court of Appeals of Maryland.

Dec. 5, 2003.

Melvin Hirshman, Bar Counsel and Glenn M. Grossman, Deputy Bar Counsel for the Attorney Grievance Commission of Maryland, for petitioner.

William Murphy, Esquire, Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE,* RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA,** JJ.

---

* Eldridge, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled

CATHELL, Judge.

On March 3, 2001, an Inquiry Panel, at the direction of the Attorney Grievance Commission of Maryland, petitioner, commenced an investigation of Matthew G. Tayback, respondent. On June 12, 2002, the petitioner, by Melvin Hirshman, Bar Counsel, and Glenn M. Grossman, Deputy Bar Counsel, filed, pursuant to Maryland Rule 16–709,[1] a petition for disciplinary action against respondent for violating the Maryland Rules of Professional Conduct (MRPC). Specifically, petitioner alleged that respondent, based upon his failure to timely file both his federal and state income tax returns over many years,[2] violated MRPC 8.4(a),(b),(c) and (d).[3]

---

pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** During oral argument Judge Battaglia recused herself, and took no further part in these proceedings.

1. Rule 16–709 provides: "Charges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board." This case arose and was processed under the attorney grievance rules in effect on June 30, 2001, as they were stated in the 2001 edition of the Maryland Rules pursuant to our order adopting the new attorney grievance rules, in which we specifically "ORDERED ... that any matter pending before an Inquiry Panel, the Review Board, or the Court of Appeals pursuant to charges, a petition, or an application pending as of June 30, 2001 shall continue to be governed by the Rules in effect on June 30, 2001." Md. Rules Orders, p. 56, Maryland Rules of Procedure, vol. 1 (2002). It was established by petitioner at oral argument that this matter was referred to an Inquiry Panel on March 3, 2001.

2. Specifically, petitioner alleged in its "PETITION FOR DISCIPLINARY ACTION":

"4. The Respondent willfully failed to file federal or state income tax returns for the calendar years 1987 through 1989.

"5. The Respondent failed to timely pay federal or state income taxes as required by law for calendar years 1987 through 1989.
* * *
"7. The Respondent willfully failed to file federal or state income tax returns for the calendar years 1990, 1991, 1992, 1993 and 1994."

3. The relevant portion of the MRPC states:

"**Rule 8.4. Misconduct.**
It is professional misconduct for a lawyer to:

On June 17, 2002, pursuant to Maryland Rule 16–709(b),[4] this Court transmitted the matter to The Honorable Allen L. Schwait of the Circuit Court for Baltimore City, the hearing judge, to conduct a hearing and to make findings of fact and conclusions of law.

On October 29, 2002, February 13, 2003, and April 25, 2003, evidentiary hearings were held before the hearing judge. On May 6, 2003, Judge Schwait issued his Findings of Fact and Conclusions of Law and found by clear and convincing evidence that respondent violated MRPC 8.4(b). The record was transferred from the hearing judge to this Court for oral argument. Pursuant to Maryland Rule 16–758(b),[5] both parties filed with this Court exceptions to Judge Schwait's Findings of Fact and Conclusions of Law.

## I. Facts

Following an evidentiary hearing, Judge Schwait found by clear and convincing evidence the following facts and conclusions of law:

---

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice; ..."

4. Former Maryland Rule 16–709(b) states:
   * * *

"b. **Where filed and heard.** Charges against an attorney shall be filed on behalf of the Commission in the Court of Appeals. The Court of Appeals by order may direct that the charges be transmitted to and heard in any court and shall designate the judge or judges to hear the charges...."

5. Maryland Rule 16–758(b) states:
"**Rule 16–758. Post–hearing proceedings.**
   * * *

(b) **Exceptions; recommendations.** Within 15 days after service of the notice required by section (a) of this Rule, each party may file (1) exceptions to the findings and conclusions of the hearing judge and (2) recommendations concerning the appropriate disposition under Rule 16–759(c)."

## "FINDINGS OF FACT

"Respondent was admitted as a member of the Bar on May 24, 1979. He is actively practicing law and maintains an office at 22 East Fayette Street, Suite 600, Baltimore, Maryland, 21202.

"Respondent failed to timely file his federal (or state) income tax returns for the years 1987 through 1989. After being contacted by the Internal Revenue Service, Respondent filed the federal returns for those years and paid the taxes, interest, and penalties owed. Respondent did not file his Maryland income tax returns for those years (1987–1989).

"For the years 1990 through 1993, the Respondent again failed to file Federal (and State) income tax returns and as a result he owed $118,000 in unpaid federal income taxes.

"On September 3, 1999, the Respondent entered a guilty plea in the United States Court for the District of Maryland to willfully failing to file a timely federal income tax return for 1993.[6] On February 18, 2000, the Respondent was sentenced to probation for one year, a $10,000 fine, and 200 hours of community service.

---

**6.** Respondent was convicted of the misdemeanor offense under 26 U.S.C. § 7203, which states:

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $ 25,000 ($ 100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure. In the case of a willful violation of any provision of section 6050I, the first sentence of this section shall be applied by substituting 'felony' for 'misdemeanor' and '5 years' for '1 year'."

"Respondent submitted the report of Dr. Neil Blumberg into evidence. In this report, Dr. Blumberg outlines Respondent's family, medical, and psychiatric history, including the findings of Dr. Larry Raifman, a doctor that evaluated Respondent in 1998. Dr. Blumberg states that Respondent suffers from Obsessive–Compulsive Disorder with Passive Aggressive Features. This report concludes that Respondent has (1) a preoccupation with details, rules, and lists; (2) a need to be perfect; (3) excessive devotion to work; (4) over-conscientiousness; (5) reluctance to delegate tasks or to work with others; and (6) rigidity and stubbornness.

"The Attorney Grievance Commission submitted the report of Dr. Christiane Tellefsen into evidence. Dr. Tellefsen's opinion indicates that

'Tayback's failure to file his income taxes did not stem from any primary psychiatric condition. His ongoing problems with taxes and other money issues come from his personality problems. He acknowledged that if he had been aware that there was a criminal penalty he would have filed.' (Report of Christiane Tellefsen, M.D. States Exhibit 1, p. 8)

## "CONCLUSIONS OF LAW

"1. Based on the Respondent's voluntary guilty plea, there is clear and convincing evidence that Respondent willfully failed to file his federal income tax return for 1993.

"2. Respondent has not established mitigating or factual circumstances by a preponderance of the evidence that his actions were not willful.

"3. Respondent has violated Maryland Rules of Professional Conduct 8.4 by:

(a) Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." [7] [Citations omitted.] [Footnotes added.]

---

7. This Rule should be labeled as 8.4(b). This appears to be a typographical error.

## II.  Standard of Review

This Court has original and complete jurisdiction over attorney disciplinary proceedings. *Attorney Grievance Comm'n v. Blum,* 373 Md. 275, 293, 818 A.2d 219, 230 (2003); *Attorney Grievance Comm'n v. Harris,* 371 Md. 510, 539–40, 810 A.2d 457, 474–75 (2002); *Attorney Grievance Comm'n v. Gavin,* 350 Md. 176, 189, 711 A.2d 193, 200 (1998); *Attorney Grievance Comm'n v. Adams,* 349 Md. 86, 93, 706 A.2d 1080, 1083 (1998); *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 470, 671 A.2d 463, 473 (1996); *Attorney Grievance Comm'n v. Kent,* 337 Md. 361, 371, 653 A.2d 909, 914 (1995); *Attorney Grievance Comm'n v. Powell,* 328 Md. 276, 287, 614 A.2d 102, 108 (1992). Under our independent review of the record, we must determine whether the findings of the hearing judge are based on clear and convincing evidence. *Attorney Grievance Comm'n v. Monfried,* 368 Md. 373, 388, 794 A.2d 92, 100 (2002); *Attorney Grievance Comm'n v. Alison,* 349 Md. 623, 629, 709 A.2d 1212, 1214–15 (1998) (quoting *Attorney Grievance Comm'n v. Kemp,* 335 Md. 1, 9, 641 A.2d 510, 514 (1994)). We conduct an independent review of the record, accepting the hearing judge's findings of fact unless clearly erroneous. *Attorney Grievance Comm'n v. Garfield,* 369 Md. 85, 97, 797 A.2d 757, 763 (2002); *Attorney Grievance Comm'n v. Wallace,* 368 Md. 277, 288, 793 A.2d 535, 542 (2002); *Attorney Grievance Comm'n v. Garland,* 345 Md. 383, 392, 692 A.2d 465, 469 (1997). We review the conclusions of law essentially *de novo.  See Attorney Grievance Comm'n v. McLaughlin,* 372 Md. 467, 493, 813 A.2d 1145, 1160 (2002); *Attorney Grievance Comm'n v. Dunietz,* 368 Md. 419, 428, 795 A.2d 706, 711 (2002). Accordingly, this Court has the ultimate authority to decide whether a lawyer has violated the professional rules. *Garland,* 345 Md. at 392, 692 A.2d at 469; *Attorney Grievance Comm'n v. Breschi,* 340 Md. 590, 599, 667 A.2d 659, 663 (1995).

Respondent has filed two exceptions to the hearing judge's findings of fact and conclusions of law. We shall sustain one of respondent's exceptions and shall overrule the other. Petitioner has also filed in this Court exceptions to the hearing

judge's findings of fact and conclusions of law. We sustain all of petitioner's exceptions.

## III. Discussion

### A. Respondent's Exceptions

■ Respondent has filed two exceptions to the hearing judge's findings of fact and conclusions of law. Respondent's first exception states that the hearing judge erred in "finding that [respondent] did not file his Maryland income tax returns for 1987, 1988 and 1989. In fact, [respondent] did file these returns." Upon review of the record of this case, we determine that the correct finding should have been that the respondent failed to timely file returns and timely pay those taxes, not that he completely failed to file and pay. Respondent admitted in his "ANSWER TO PETITION FOR DISCIPLINARY ACTION" that "The Respondent failed to timely pay federal or state income taxes as required by law for calendar years 1987 through 1989." We, therefore, grant this exception, and in doing so hold that the correct finding on this point was that respondent failed to timely file returns for and timely pay the 1987 through 1989 taxes.

■ Respondent's second exception states that the hearing judge's "finding that [respondent] 'has not established mitigating or factual circumstances by a preponderance of the evidence that his actions were not willful,' " was "contrary to the evidence in this case and is the incorrect legal standard." Respondent argues that the hearing judge "erroneously failed to credit as a mitigating circumstance the finding by United States District Court Judge Andre Davis, who sentenced [respondent] for the underlying criminal charge in this case, that [respondent] was suffering from an obsessive compulsive mental disorder which prevented him from timely filing his state and federal income tax returns." Respondent also asserts that the hearing judge failed to credit as mitigating circumstances respondent's many years of practicing law without a single complaint, respondent's having filed all of his state and federal tax returns to the present and having paid all

taxes due and owed, and respondent's taking of medication prescribed for his condition that supposedly has relieved respondent of the symptoms of his obsessive compulsive mental disorder.

As indicated, *supra*, we accept the hearing judge's findings of facts if they are not clearly erroneous. In regard to respondent's second exception, we do not find that the hearing judge was in error when he did not accept the mitigating circumstances attested to by respondent. Concerning the discretion of a hearing judge, we have stated that "it is elementary that the [hearing] judge 'may elect to pick and choose which evidence to rely upon.'" *Attorney Grievance Commission of Maryland v. Sheridan*, 357 Md. 1, 17, 741 A.2d 1143, 1152 (1999)(alteration added)(quoting *Attorney Grievance Comm'n v. Kemp*, 303 Md. 664, 675, 496 A.2d 672, 677 (1985)). Here, the hearing judge, in his discretion, chose to accept Dr. Tellefsen's medical opinion concerning the lack of a cause and effect relationship between respondent's obsessive compulsive disorder and the non-filing of his tax returns and non-payment of taxes over the medical opinion of Dr. Blumberg. As mentioned in the findings by the hearing judge, Dr. Tellefsen concluded that "[respondent's] failure to file his income taxes did not stem from any primary psychiatric condition." We find no error in the hearing judge's decision to afford Dr. Tellefsen's opinion greater weight. Accordingly, those findings were not clearly erroneous and are based on clear and convincing evidence. As a result, we overrule this factual exception.

█ The willful failure to file returns and/or to pay personal income taxes is a crime under both federal and Maryland law. *See* 26 U.S.C. § 7203 (2003); Md.Code (1997, 2003 Repl.Vol.), § 13–1007 of the Tax–General Article.[8] While respondent

---

8. Md.Code (1997, 2003 Repl.Vol.), § 13–1007 of the Tax–General Article states:

"(a) *Willful failure to file income tax withholding return.*—A person who is required to file an income tax withholding return and who willfully fails to file the return as required under Title 10 of this

may have "been ethically and competently practicing law at an extraordinary high level ... during his many years of practicing law without a single complaint to a professional disciplinary body," this does not diminish the severity of the offense to which respondent pled guilty in the United States Court for the District of Maryland; the "Willful Failure to File Income Tax Returns." Maryland Rule 16–771(g) states, in pertinent part:

"(g) **Conclusive effect of final conviction of a crime.** In any proceeding under this Chapter, a final judgment of any court of record convicting an attorney of a crime, whether the conviction resulted from a plea of guilty, nolo contendere, or a verdict after trial, is conclusive evidence of the guilt of the attorney of that crime."

The repeated failure to timely file tax returns is a serious violation of the MRPC. With respect to failure to file an income tax return, the Comment to MRPC 8.4 begins:

"Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return."

■ There was a contention at the hearing as to whether respondent's actions of not filing his taxes was to be considered "willful" conduct on account of his obsessive compulsive mental disorder. Respondent argues that because of his disorder, he cannot be said to have willfully failed to file his taxes. We must therefore examine what precisely is meant by "willful" in regard to failure to file cases. In *Deibler v. State,* 365 Md. 185, 776 A.2d 657 (2001), in a case involving wiretapping and telephone abuse, Judge Wilner, writing for the Court, discussed, in general terms, the various meanings which courts have ascribed to the term "willful": [9]

---

article is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $ 10,000 or imprisonment not exceeding 5 years or both."

9. Judge Wilner found in the Maryland Constitution, Code and Rules, 547 instances where the term "willful" is used.

" 'Willful' has received four different constructions from the courts. The first, and most restrictive, is that an act is willful only if it is done with a bad purpose or evil motive-deliberately to violate the law. A second interpretation considers an act to be willful 'if it is done with the intent to commit the act and with a knowledge that the act is in violation of the law.' That construction does not require that the defendant possess a sinister motivation, but, like the first interpretation, it does require knowledge that the act is unlawful. The third interpretation 'requires only that the act be committed voluntarily and intentionally as opposed to one that is committed through inadvertence, accident, or ordinary negligence.' Under that approach, '[a]s long as there is an intent to commit the act, there can be a finding of willfulness even though the actor was consciously attempting to comply with the law and was acting with the good faith belief that the action was lawful.' What is required is 'an objective intent to commit the act but not necessarily a knowledge that the act will bring about the illegal result.' Finally ... some courts have gone so far as to find an act willful even though it was not committed intentionally, but through oversight, inadvertence, or negligence."

*Id.* at 192–93, 776 A.2d at 661 (quoting S. Brogan, *An Analysis of the Term "Willful" in Federal Criminal Statutes*, 51 Notre Dame Lawyer 786 (1976)). Judge Wilner noted that in the majority of applications, the third definition was accepted, *i.e.*, that the act be committed voluntarily and intentionally, not accidentally. In attorney grievance matters based on the willful failure to file tax returns, this Court has consistently defined willfulness as the " 'voluntary, intentional violation of a known legal duty not requiring a deceitful or fraudulent motive.' " *Attorney Grievance Comm'n v. Thompson*, 376 Md. 500, 514–15 n. 6, 830 A.2d 474, 483 n. 6 (2003) (citing *Attorney Grievance Comm'n v. Boyd*, 333 Md. 298, 309, 635 A.2d 382, 387 (1994); *Attorney Grievance Comm'n v. Walman*, 280 Md. 453, 460, 374 A.2d 354, 359 (1977)).

Here, respondent's "defense" that his claimed obsessive compulsive mental disorder caused him to be unable to file his tax returns, and therefore his actions were not "willful," is of little merit. The hearing judge found that respondent had been notified of his obligation; in fact, he had been contacted directly by the Internal Revenue Service in regard to his lack of filing his federal tax returns. Subsequent to this contact with the Internal Revenue Service, respondent *did* file his federal returns and paid the taxes, interest, and penalties owed for the years 1987 through 1989. At this time and thereafter, respondent was cognizant of the inappropriateness of his failure to file tax returns and timely pay taxes and temporarily corrected his behavior by actually filing his income tax forms, yet he continued to fail to file various other tax returns.

This Court has also held that an attorney who is convicted pursuant to a guilty plea for willful failure to file federal income tax returns cannot validly contend that his failure was not willful in a subsequent disciplinary proceeding. *See Attorney Grievance Comm'n v. Barnes*, 286 Md. 474, 478, 408 A.2d 719, 722 (1979) (where, in discussing the predecessor rule, we stated that "[u]nder Maryland Rule BV10 e 1, Barnes' conviction, entered upon his guilty plea, is 'conclusive proof' of his guilt and hence that his failure to file was willful.")(alteration added). As this Court stated in *Bar Association of Baltimore City v. Siegel*, 275 Md. 521, 527, 340 A.2d 710, 713 (1975), the integrity of a criminal conviction "cannot be attacked in a disciplinary proceeding by invoking this Court to reweigh or to re-evaluate the respondent's guilt or innocence." Given this clear precedent, coupled with the hearing judge's acceptance of Dr. Tellefsen's findings relating to respondent's claimed inability to file his income taxes, this Court overrules respondent's exception regarding the "willfulness" of his actions.

### B. Petitioner's Exceptions

■ At the heart of petitioner's exceptions to the hearing judge's findings is petitioner's contention that respondent, whose actions were found by the hearing judge to have

violated MRPC 8.4(b), should also have been found to be in violation of Rules 8.4(c) and (d). We agree and sustain these exceptions.

In *Attorney Grievance Comm'n v. Walman,* 280 Md. 453, 374 A.2d 354 (1977), we stated:

> "[a]n attorney's willful failure to file income tax returns may seriously impair public confidence in the entire profession. The need, therefore, to maintain public respect for the bar is a vital consideration in the imposition of disciplinary sanctions. The lawyer, after all, is intimately associated with administration of the law and should rightfully be expected to set an example in observing the law. By willfully failing to file his tax returns, a lawyer appears to the public to be placing himself above that law."

*Id.* at 464–65, 374 A.2d at 361.

In regard to respondent having violated MRPC 8.4(c) by his actions of willfully failing to file his tax returns, this Court's recent decision in *Attorney Grievance Comm'n v. Atkinson,* 357 Md. 646, 745 A.2d 1086 (2000), is particularly relevant. In that proceeding, the attorney being charged with violations of the MRPC had failed to pay both her federal and state income taxes for a period of eleven years. The attorney argued that her "mere failure to file tax returns [was] not enough to trigger that application of [Rule 8.4(c) ]; rather, an actual dishonest or fraudulent intent on the part of the deficient taxpayer must be shown." *Id.* at 655, 745 A.2d at 1091 (alterations added). We disagreed with that assertion and stated that "[t]he repeated failure to file tax returns . . . is not a minor criminal offense, *is a dishonest act,* and reflects adversely on a lawyer's honesty, trustworthiness and fitness to practice law. . . . We conclude that . . . Respondent's failure to fulfill her income tax duties constituted a violation of Rule 8.4(c)." *Id.* at 655–56, 745 A.2d at 1091 (emphasis added)(alterations added). Here, respondent also failed to file his income tax returns in a timely fashion for a period of years. In accordance with our recent decision in *Atkinson,* we sustain

petitioner's exception that respondent be found in violation of MRPC 8.4(c).

■ Likewise, we also find that respondent's actions were in violation of MRPC 8.4(d). In *Attorney Grievance Comm'n v. Walman,* 280 Md. 453, 374 A.2d 354 (1977), we stated that "the crime of which respondent stands convicted [—willfully and knowingly failing to file his federal income tax return for the year 1968—] represents conduct prejudicial to the administration of justice . . . is beyond debate." *Walman,* 280 Md. at 463, 374 A.2d at 360 (alterations added). *See also Attorney Grievance Comm'n v. Clark,* 363 Md. 169, 183, 767 A.2d 865, 873 (2001) (stating that "[p]ublic confidence in the legal profession is a critical facet to the proper administration of justice. Respondent's conduct [—willful failure to file tax returns—] . . . erodes public confidence, and thus, is prejudicial to the administration of justice.")(alterations added); *Attorney Grievance Comm'n v. Post,* 350 Md. 85, 99, 710 A.2d 935, 942 (1998). We find that respondent's actions over many years of willfully failing to file his tax returns and pay taxes were "prejudicial to the administration of justice" and constituted violations of MRPC 8.4(d). We sustain petitioner's exception as to the violation of Rule 8.4(d).

## IV. Sanction

■ We now consider the appropriate sanction for respondent's misconduct. As this Court has often stated, in addition to the protection of the public, among the purposes of sanctions in attorney grievance matters is to deter other attorneys from violating the Rules of Professional Conduct and also to maintain the integrity of the legal profession. *See Attorney Grievance Comm'n v. Thompson,* 376 Md. 500, 519, 830 A.2d 474, 485–86 (2003); *Attorney Grievance Comm'n v. Angst,* 369 Md. 404, 416, 800 A.2d 747, 754–55 (2002). The appropriate sanction to be imposed depends upon the particular facts and circumstances of each case. *See Attorney Grievance Comm'n v. McClain,* 373 Md. 196, 211, 817 A.2d 218, 227 (2003). In *McClain,* writing for the Court, Chief Judge Bell

explained some of the considerations in regard to the sanction. He wrote:

> "Relevant to the sanction decision is 'the nature and gravity of the violations and the intent with which they were committed.' Likewise relevant are the attorney's prior grievance history, whether there have been prior disciplinary proceedings, the nature of the misconduct involved in those proceedings and the nature of any sanctions imposed, as well as any facts in mitigation, the attorney's remorse for the misconduct, and the likelihood of the conduct being repeated. As to the latter, we have held that an attorney's voluntary termination of the charged misconduct, when accompanied by an appreciation of the serious impropriety of that past conduct and remorse for it, may be evidence that the attorney will not again engage in such misconduct."

*Id.* at 211–12, 817 A.2d at 227–28 (citations omitted).

While respondent contends that his post-conviction acts and behavior should act to mitigate the severity of the discipline that he receives, he cannot escape the simple fact that his actions in failing to file timely both his federal and state taxes for a period of years is a serious offense under the MRPC. This Court has stated that "eventual late payment of all monies due does not preclude disciplinary action under Rule 8.4(d).... Repayment may mitigate the consequences of the illegal action, *but does not mitigate the act itself* and therefore does not erase a potential disciplinary violation." *Attorney Grievance Comm'n v. Breschi,* 340 Md. 590, 600, 667 A.2d 659, 664 (1995) (emphasis added). While it may be true, as respondent asserts in his exceptions, that he has now filed all delinquent returns and paid all taxes due and owed, these actions do not diminish the seriousness of the violations of the MRPC.

In the case *sub judice,* the Attorney Grievance Commission, through Bar Counsel, argues that respondent be indefinitely suspended from the practice of law. Respondent not only willfully failed to file both federal and state income tax returns for a period of years, but also was convicted in federal court of

a criminal violation of 26 U.S.C. § 7203. Given all of the circumstances before this Court, we find that petitioner's recommendation that respondent be indefinitely suspended from the practice of law is entirely appropriate. We have previously found disbarment or suspension to be warranted for attorneys who failed to timely file federal and state income taxes. *See, e.g., Attorney Grievance Comm'n v. Clark,* 363 Md. 169, 767 A.2d 865 (2001) (imposing indefinite suspension with immediate right to reapply provided a showing by the attorney of good standing with respect to his tax obligations); *Attorney Grievance Comm'n v. Atkinson,* 357 Md. 646, 745 A.2d 1086 (2000) (indefinite suspension with right to reapply after one year given to attorney who willfully failed to file income taxes for a period of eleven years); *Attorney Grievance Comm'n v. Casalino,* 335 Md. 446, 644 A.2d 43 (1994) (disbarment for willfully evading income tax due for tax years 1988, 1989, and 1990); *Attorney Grievance Comm'n v. Gilland,* 293 Md. 316, 443 A.2d 603 (1982) (suspending attorney for two years for willful failure to file federal income taxes); *Attorney Grievance Comm'n v. Walman,* 280 Md. 453, 374 A.2d 354 (1977) (three-year suspension given to attorney who was convicted of one count of failing to file his federal income tax returns); *Bar Ass'n of Balto. City v. McCourt,* 276 Md. 326, 347 A.2d 208 (1975) (one-year suspension given to attorney who was convicted of one count of willfully failing to file his federal income tax returns); *Maryland State Bar Ass'n v. Callanan,* 271 Md. 554, 318 A.2d 809 (1974) (disbarring attorney for federal criminal conviction of willful tax evasion).

The record in the case at bar does not indicate that respondent has received any previous reprimands or sanctions from this Court; nevertheless, the severity of the complaint against respondent leads us to conclude that the appropriate sanction against respondent is indefinite suspension.

As this Court stated in *Attorney Grievance Comm'n v. Gavin,* 350 Md. 176, 197–98, 711 A.2d 193, 204 (1998):

   " 'One of the most relevant considerations in determining a sanction for failure to file income tax returns is the intention and motive of the respondent.' [*Attorney Griev-*

*ance Comm'n v. Breschi,* 340 Md. 590, 601, 667 A.2d 659, 665 (1995).] Because our failure to file cases have dealt with attorneys with deceitful motives and attorneys without such motives, over the years this Court has rendered diverse sanctions. Of the cases imposing lengthy suspensions, most of those circumstances involved the attorney's willful failure to file his returns or avoid his taxes initially." [Some citations omitted.]

In the present case, respondent, in the 1990's, continued to fail to file returns after the Internal Revenue Service had determined and notified him that he had failed to file returns, and pay taxes due, in the 1980's. Considering the seriousness of the violations, respondent has not carried his burden to establish sufficient mitigating factors to justify a sanction less than indefinite suspension.

For the foregoing reasons, we hold that indefinite suspension with the right to reapply after 60 days is the appropriate sanction.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(c), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST MATTHEW GORDON TAYBACK.**