*Attorney Grievance Commission v. Ronald Claude Brigerman, Jr.*, Misc. Docket AG No. 16, September Term 2013

**ATTORNEY MISCONDUCT — DISCIPLINE — INDEFINITE SUSPENSION —** Respondent, Attorney, violated Maryland Lawyers' Rules of Professional Conduct 1.1; 1.3; 1.4(a) and (b); 1.15(a), (c), and (d); 1.16(d); 8.1(a) and (b); and 8.4(a), (c), and (d); as well as Maryland Rule 16-604. The violations stemmed from respondent's abandonment of a client, failure to communicate with his clients, misrepresentation to a client and Bar Counsel, and failure to cooperate with Bar Counsel's investigation. The appropriate sanction for respondent's violations is indefinite suspension.

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 16

September Term, 2013

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

RONALD CLAUDE BRIGERMAN, JR.

_____

Barbera, C.J.,
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Barbera, C.J.

_____

Filed: December 18, 2014

On May 14, 2013, Petitioner, the Attorney Grievance Commission of Maryland, acting through Bar Counsel, filed with this Court a Petition for Disciplinary or Remedial Action (the "Petition") against Respondent, attorney Ronald Claude Brigerman, Jr. The Petition alleged violations of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") in connection with Respondent's abandonment of one client, failure to communicate with several clients, misrepresentation to a client and Petitioner, and failure to cooperate with Petitioner's investigation. Specifically, the Petition alleged that Respondent violated MLRPC 1.1 (competence); MLRPC 1.2 (scope of representation and allocation of authority between client and lawyer); MLRPC 1.3 (diligence); MLRPC 1.4(a) and (b) (communication); MLRPC 1.15(a), (c), and (d) (safekeeping property); MLRPC 1.16(d) (declining or terminating representation); MLRPC 8.1(a) and (b) (bar admission and disciplinary matters); MLRPC 8.4(a), (c), and (d) (misconduct); and Maryland Rule 16-604 (trust account – required deposits).

On May 20, 2013, this Court designated the Honorable Leah J. Seaton of the Circuit Court for Dorchester County (the "hearing judge") to conduct an evidentiary hearing and render written findings of fact and conclusions of law. Respondent was served with process, in compliance with Maryland Rule 16-753, and, after he requested and was granted an extension, filed an Answer to the Petition for Disciplinary or Remedial Action on August 1, 2013.

The evidentiary hearing was held before the hearing judge on October 16, 2013. Thereafter, the hearing judge issued written findings of fact and conclusions of law, in which she concluded, by clear and convincing evidence, that Respondent had violated

MLRPC 1.1; MLRPC 1.3; MLRPC 1.4(a) and (b); MLRPC 1.15(a), (c), and (d); MLRPC 1.16(d); MLRPC 8.1(a) and (b); MLRPC 8.4(a), (c), and (d); and Maryland Rule 16-604. On December 20, 2013, Petitioner filed Petitioner's Exceptions and Recommendation for Sanction ("Petitioner's Exceptions"), excepting to one of the hearing judge's legal conclusions. Respondent filed no exceptions.

On September 4, 2014, this Court held oral argument. On September 10, 2014, we issued an Order of Remand, directing the hearing judge to clarify part of her discussion of the alleged mitigating circumstances in Respondent's case. The hearing judge then issued Supplemental Findings and/or Conclusions of Law as to Mitigating Factors ("Supplemental Findings") on September 30, 2014. Petitioner filed its response to the Supplemental Findings on October 9, 2014, and Respondent filed his response on October 14, 2014, in which he recommended a reprimand as the appropriate sanction for his misconduct.

Upon this Court's review of the hearing judge's findings of fact and conclusions of law, as well as the Supplemental Findings, we hold that Respondent violated MLRPC 1.1; MLRPC 1.3; MLRPC 1.4(a) and (b); MLRPC 1.15(a), (c), and (d); MLRPC 1.16(d); MLRPC 8.1(a) and (b); MLRPC 8.4(a), (c), and (d); and Maryland Rule 16-604. We further hold, under the particular circumstances of this case, that the appropriate sanction is indefinite suspension.

I.

We summarize, below, the hearing judge's written findings of fact and conclusions of law:

Respondent graduated from the University of Baltimore School of Law in 1989. Thereafter and until sometime in 1993, he worked in a non-lawyer capacity for State Farm Insurance Company. From 1993 to 2001, Respondent handled bodily injury claims for Nationwide Insurance Company. Respondent was admitted to the Bar of this Court on December 16, 2003.

The current disciplinary matter stems from three separate complaints brought by three of Respondent's former clients, Kent Brummell, Renee Copper, and Terry Holden.

### Complaint of Kent Brummell

In 2010, Kent Brummell ("Mr. Brummell") retained Respondent to defend him in a criminal prosecution. Mr. Brummell was found guilty and sentenced to 35 years of incarceration.

On January 11, 2012, Mr. Brummell filed a complaint with Petitioner, citing Respondent's failure to provide him with copies of documents from his case file. Mr. Brummell alleged that he had requested those documents several times prior to filing his complaint with Petitioner but had received no reply from Respondent. Thereafter, Petitioner commenced an investigation.

In a letter to Petitioner dated February 2, 2012, Respondent wrote that he never received Mr. Brummell's requests for the documents, adding that he would forward the

3

documents upon his receiving Mr. Brummell's written request for the case file that included instructions on where to mail the file. On February 23, 2012, Mr. Brummell sent Respondent a request for the documents and provided Respondent with instructions on where to send the file documents. Respondent did not reply to Mr. Brummell's request.

Petitioner sent letters dated May 17, 2012, June 6, 2012, and July 11, 2012, to Respondent at his P.O. Box mailing address, at which Respondent was able to receive mail. The letters requested that Respondent respond to Mr. Brummell's complaint. Respondent received the letters, but did not reply.

An investigator for Petitioner visited Respondent's office on August 7, 2012, and left his business card. That same day, Respondent called the investigator and said that he would send the documents to Mr. Brummell and respond to Petitioner's letters. In a subsequent e-mail, the investigator told Respondent to notify Petitioner if there would be a delay in sending the documents. On August 17, 2012, Respondent mailed Mr. Brummell's documents, via certified mail, to the correctional facility in which Mr. Brummell was incarcerated, yet Respondent did not inform Petitioner or the investigator that he had done so until the evidentiary hearing.

On August 8, 2012, Petitioner sent a letter to Respondent stating that the case would be formally docketed for an investigation and possible disciplinary action. Petitioner followed up with a certified letter on August 20, 2012, but the letter was returned unclaimed and without a response. Both letters were sent to Respondent's physical office address, at which Respondent claimed he had difficulty receiving mail. Respondent, however, had

4

instituted mail forwarding from the physical address to his correct P.O. Box mailing address. The hearing judge found that Respondent had received the letters but failed to respond to Petitioner.

Based on these facts, the hearing judge concluded that Respondent violated MLRPC 1.16(d); MLRPC 8.1(a) and (b); and MLRPC 8.4(a), (c), and (d).[1]

### *Complaint of Renee Copper*

In or about March 2010, Renee Copper ("Ms. Copper") retained Respondent to represent her in a personal injury claim resulting from an August 14, 2009, automobile accident. Respondent filed a lawsuit on behalf of Ms. Copper on September 22, 2011. A trial date was set for June 22, 2012.

In or about April 2012, Respondent advised Ms. Copper that the defendant's insurance company, Progressive Insurance Company ("Progressive"), provided a settlement offer of $10,000. Ms. Copper authorized Respondent to accept the offer and dismiss the case. Respondent told Ms. Copper that he would do so and then inform her when the case was dismissed.

In May 2012, Progressive sent Respondent a $10,000 settlement check made payable to Respondent. On June 21, 2012, Respondent and defense counsel filed a Joint

---

[1] At the conclusion of the October 16, 2013, hearing, Petitioner withdrew its allegation that Respondent violated MLRPC 1.4(a) with respect to Mr. Brummell's complaint.

Line of Dismissal of Ms. Copper's case. Respondent did not inform Ms. Copper of his receipt of the settlement check or the subsequent dismissal.

Between June 1, 2012, and the scheduled trial date of June 22, 2012, Ms. Copper attempted to contact Respondent about her case and the settlement, but Respondent never replied. Ms. Copper only learned that her case had been dismissed when she called the court about her matter. On or about June 22, 2012, Ms. Copper contacted Progressive directly and learned that Progressive had issued a $10,000 settlement check to Respondent approximately one month earlier. The check had not yet been negotiated.

By chance, on August 18, 2012, Ms. Copper encountered Respondent at the Salisbury Mall. She questioned him about the settlement check. Respondent told Ms. Copper that he had sent her a letter with the breakdown of settlement disbursements. Respondent never sent such a letter to Ms. Copper. Respondent also said that he would call Ms. Copper the following week, but he failed to do so.

On September 12, 2012, Ms. Copper once again ran into Respondent by chance at a local store. She questioned Respondent about the settlement check, and Respondent told her to meet him the next day. That following day, Respondent and Ms. Copper met and deposited the check in Respondent's account. Respondent wrote Ms. Copper a check for her portion of the settlement proceeds.

Petitioner began investigating Ms. Copper's complaint in early August 2012. Petitioner sent Respondent letters dated August 2, 2012, September 4, 2012, October 2,

2012, October 16, 2012, and October 31, 2012. Respondent received, but did not respond to, Petitioner's letters.

Based on these facts, the hearing judge concluded that Respondent violated MLRPC 1.3; MLRPC 1.4(a)(1), (2), and (3); MLRPC 1.15(d); MLRPC 8.1(b); and MLRPC 8.4(a), (c), and (d).[2]

### *Complaint of Terry J. Holden*

On June 6, 2012, Terry J. Holden ("Ms. Holden") retained Respondent to represent her as a defendant in a civil matter involving Ms. Holden's alleged failure to pay for contractual services involving a home improvement project. The trial date was set for August 6, 2012, in the District Court sitting in Caroline County.

Respondent met with Ms. Holden on June 6, 2012. Ms. Holden paid Respondent, by check, a flat fee of $2,500 and provided him court documents and photographs of her home. Sometime later, Respondent cashed the check without depositing or maintaining the fees in a trust account, and without receiving Ms. Holden's informed consent not to deposit or maintain the fees in trust.

Respondent participated in a five-minute telephone call with a potential expert witness to discuss the contractor's work in Ms. Holden's case. Respondent did not perform any additional work on the matter. After the initial June 6, 2012, meeting, Ms.

---

[2] At the conclusion of the October 16, 2013, hearing, Petitioner withdrew its allegation that Respondent violated Maryland Rule 16-604 with respect to Ms. Copper's complaint.

Holden attempted to contact Respondent, but she was unable to reach him. Ms. Holden left several messages for Respondent between July 31, 2012, and August 3, 2012, none of which Respondent returned.

On or about August 1, 2012, Ms. Holden filed a *pro se* notice of intention to defend her case in the District Court. Shortly thereafter, she filed a complaint with Petitioner. The hearing judge found that, during the course of Petitioner's investigation, Respondent received, but did not respond to, letters from Petitioner dated August 29, 2012, September 27, 2012, November 15, 2012, and November 27, 2012.

Based on these facts, the hearing judge concluded that Respondent violated MLRPC 1.1; MLRPC 1.3; MLRPC 1.4(a)(1), (2), and (3) and (b); MLRPC 1.15(a) and (c); MLRPC 1.16(d); MLRPC 8.1(b); MLRPC 8.4(a) and (d); and Maryland Rule 16-604.[3]

### Mitigating and Aggravating Factors

In response to this Court's Order of Remand, the hearing judge submitted Supplemental Findings in which she found, by a preponderance of evidence, several mitigating factors. First, the hearing judge found that Respondent "is remorseful for 'dropping the ball' in Ms. Holden's case" and has "openly acknowledged his failures in that case, and apologized for his inaction." The hearing judge acknowledged, though, that "Respondent's remorse did not cause him to take any corrective action" until the October

---

[3] In its pretrial statement, Petitioner withdrew its allegation that Respondent violated MLRPC 1.2(a). At the conclusion of the October 16, 2013, hearing, Petitioner withdrew its allegations that Respondent violated MLRPC 1.4(a)(4) and MLRPC 8.4(c).

16, 2013, evidentiary hearing when he stated that he "was prepared to provide a refund." Petitioner informed this Court at oral argument that Respondent did provide the promised refund to Ms. Holden by handing her a money order for $2,500 on the day of the evidentiary hearing.

Second, the hearing judge found "that Respondent's marital and custody difficulties beginning in October 2011 and lasting through 2012" constitute a mitigating factor. The hearing judge explained that "Respondent credibly testified that he went through a divorce and experienced significant custody issues regarding his youngest daughter, which took an emotional toll on him." Finally, the hearing judge found that "Respondent has not been formally disciplined previously for any professional misconduct and is not currently the subject of any other complaints to the Attorney Grievance Commission."

The hearing judge further found, however, that "Respondent took no responsibility for his mistakes in Mr. Brummell's and Ms. Copper's cases" and repeatedly disregarded "communications and requests from Mr. Brummell and Ms. Copper." Also, "[w]hatever stress [Respondent] was under as a result of his marital breakup does not justify his seven month disregard of Mr. Brummell's request for his file, and ignoring Ms. Copper's request for her settlement check." Furthermore, Respondent "display[ed] an indifference to the disciplinary legal process" when he ignored repeatedly communications from Bar Counsel.

## II.

In attorney discipline proceedings, this Court "has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Page*,

9

430 Md. 602, 626 (2013). We accept the hearing judge's findings of fact as correct unless shown to be clearly erroneous. *Attorney Grievance Comm'n v. Lara*, 418 Md. 355, 364 (2011). Neither Respondent nor Petitioner filed exceptions to the hearing judge's findings of fact. We therefore treat those findings as established. *See* Md. Rule 16-759(b)(2)(A).

We review *de novo* the hearing judge's conclusions of law. Md. Rule 16-759(b)(1); *Page*, 430 Md. at 626. The ultimate decision as to whether an attorney has engaged in professional misconduct lies with this Court. *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 717 (2014).

## III.

### *Petitioner's Exception*

Respondent did not file any exceptions to the hearing judge's conclusions of law. Petitioner filed one exception to the hearing judge's legal conclusion that Respondent violated MLRPC 8.4(c), "by misrepresenting to Ms. Copper that he mailed her a letter containing a settlement breakdown." Petitioner agrees that the hearing judge's factual findings support that Respondent made this misrepresentation. Petitioner nonetheless argues that, because Petitioner did not charge Respondent with a violation of MLRPC 8.4(c) in connection with his representation of Ms. Copper, the hearing judge was precluded from finding that Respondent violated that rule while representing Ms. Copper.

We agree. This Court has held that "an attorney may not be found guilty of violating a Rule of Professional Conduct unless that Rule is charged in the Petition For Disciplinary or Remedial Action." *Attorney Grievance Comm'n v. Sapero*, 400 Md. 461,

10

487 (2007). This is because "notice should be given to the attorney of the charges made and opportunity afforded him for explanation and defen[s]e." *In re Ruffalo*, 390 U.S. 544, 550 (1986). We therefore sustain Petitioner's exception to the hearing judge's conclusion that Respondent violated MLRPC 8.4(c) in connection with Respondent's representation of Ms. Copper.

### *Respondent's Misconduct*

Based upon our *de novo* review of the hearing judge's remaining conclusions of law, we conclude that Respondent violated MLRPC 1.1; MLRPC 1.3; MLRPC 1.4(a) and (b); MLRPC 1.15(a), (c), and (d); MLRPC 1.16(d); MLRPC 8.1(a) and (b); MLRPC 8.4(a), (c), and (d); and Maryland Rule 16-604.

### MLRPC 1.1

MLRPC 1.1 states that "[a] lawyer shall provide competent representation to a client." We have held that "[a] failure to make the proper and required filings in a client matter demonstrates a lack of the appropriate preparation and thoroughness necessary to provide competent representation." *Attorney Grievance Comm'n v. Shakir*, 427 Md. 197, 205 (2012); *see also Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 223 (2012) (holding that an attorney violated MLRPC 1.1 by failing to take the "necessary, fundamental steps to further the clients' case[]").

Respondent violated MLRPC 1.1, in connection with his representation of Ms. Holden, when he accepted Ms. Holden's fee and subsequently failed to provide her with competent or meaningful legal services. Respondent took a $2,500 fee from Ms. Holden,

11

yet he failed to perform any legal services on her behalf beyond a five-minute telephone call with a potential witness.

**MLRPC 1.3 and 1.15(d)**

MLRPC 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." When an attorney "d[oes] nothing whatsoever to advance the client's cause or endeavor[,]" *Attorney Grievance Comm'n v. Bahgat*, 411 Md. 568, 575 (2009), or "fail[s] to disburse funds to clients in a timely manner," *Attorney Grievance Comm'n v. Zuckerman*, 403 Md. 695, 713 (2008), the attorney violates MLRPC 1.3. MLRPC 1.15(d) provides, in relevant part, that, "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person[]" and "shall deliver promptly to the client or third person any funds or other property that the client or third person is entitled to receive . . . ."

The facts found by the hearing judge establish that Respondent failed to perform any meaningful legal services on Ms. Holden's behalf after entering into a retainer agreement. Respondent thereby violated MLRPC 1.3 in connection with his representation of Ms. Holden. The hearing judge found that Respondent "failed to notify Ms. Copper in May 2012 that he had received the $10,000 settlement check" and "failed to promptly deliver the check to her. He received the check in May 2012, and did not deliver it to her until September 13, 2012." Those findings establish that Respondent violated MLRPC 1.3 and MLRPC 1.15(d) in connection with his representation of Ms. Copper.

## MLRPC 1.4

MLRPC 1.4 states, in relevant part:

(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent . . . is required by these Rules;
(2) keep the client reasonably informed about the status of the matter;
(3) promptly comply with reasonable requests for information . . . .
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

During the course of their representation, both Ms. Copper and Ms. Holden repeatedly tried, without success, to contact Respondent. The hearing judge found that Respondent "fail[ed] to inform [Ms. Copper] about the settlement and dismissal of her case, and [failed] to respond to her multiple, reasonable requests for information as to the status of her case and the expected settlement." The hearing judge further found that Respondent "failed to communicate with Ms. Holden and failed to respond to her reasonable requests for information." Those findings establish that Respondent violated MLRPC 1.4(a), in connection with his representation of Ms. Copper, and MLRPC 1.4(a) and (b), in connection with his representation of Ms. Holden.

## MLRPC 1.15(a), MLRPC 1.15(c), and Maryland Rule 16-604

MLRPC 1.15(a) provides that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules[.]" MLRPC 1.15(c) provides that, "[u]nless the client gives informed consent, confirmed in writing, to a different

13

arrangement, a lawyer shall deposit legal fees and expenses that have been paid in advance into a client trust account[.]" Similarly, Maryland Rule 16-604 states that

> all funds, including cash, received and accepted by an attorney or law firm in this State from a client or third person to be delivered in whole or in part to a client or third person, unless received as payment of fees owed the attorney by the client or in reimbursement for expenses properly advanced on behalf of the client, shall be deposited in an attorney trust account in an approved financial institution.

The hearing judge found that, when Ms. Holden retained Respondent as her counsel, she provided him with a $2,500 check as a retainer for his services, yet Respondent "fail[ed] to obtain Ms. Holden's informed consent in writing to deposit the fees in any account other than a trust account." Those findings establish that Respondent violated Maryland Rule 16-604 by failing to deposit the monies into his attorney trust account; he violated MLRPC 1.15(a) by cashing the check and co-mingling his unearned fee with his own property; and he violated MLRPC 1.15(c) by not obtaining Ms. Holden's informed consent.

### MLRPC 1.16(d)

MLRPC 1.16(d) provides, in pertinent part, that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . [and] surrendering papers and property to which the client is entitled[.]" An attorney violates MLRPC 1.16(d) when he or she "abandon[s] the representation, fail[s] to provide all necessary services, and fail[s] to keep the clients informed concerning the representation[,]" *Attorney*

14

*Grievance Comm'n v. Park*, 427 Md. 180, 189 (2012), and when he or she "fail[s] to honor [the client's] request for a copy of his case file(s) at the end of the representation[,]" *Attorney Grievance Comm'n v. Brown*, 426 Md. 298, 314 (2012). Even if the attorney "eventually provide[s] a copy of [the] case file to [the client]," failing to deliver promptly a client's papers and property constitutes a violation of this Rule. *Attorney Grievance Comm'n v. Page*, 430 Md. 602, 630−31 (2013).

The hearing judge found that Respondent "fail[ed] to respond to Mr. Brummell's requests, and Petitioner's requests, to return Mr. Brummell's file documents between January 2012 and August 2012." That finding establishes that Respondent violated MLRPC 1.16(d). This is so, notwithstanding that Respondent eventually returned those documents to Mr. Brummell. *See Page*, 430 Md. at 631. Respondent also violated MLRPC 1.16(d), in connection with his representation of Ms. Holden, when, as the hearing judge explained, Respondent effectively abandoned her without notice "by taking no action to represent her, other than contacting a potential expert, by failing to enter his appearance on her behalf and by failing to file the Notice of Intention to Defend."

### MLRPC 8.1(a) and 8.4(c)

MLRPC 8.1(a) provides, in pertinent part, that a lawyer shall not "knowingly make a false statement of material fact[.]" MLRPC 8.4(c) provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" "We have said that [MLRPC] 8.1(a) and 8.4(c) are violated when an attorney acts dishonestly and deceitfully by knowingly making false statements to Bar

15

Counsel." *Attorney Grievance Comm'n v. Harris,* 403 Md. 142, 164 (2008). Respondent violated MLRPC 8.1(a) and 8.4(c), in connection with his representation of Mr. Brummell, when he falsely told Petitioner and Mr. Brummell that he would return Mr. Brummell's case file upon his written request.

**MLRPC 8.1(b)**

MLRPC 8.1(b) states, in part, that an attorney shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority[.]" Failure to respond to letters from the Attorney Grievance Commission constitutes a violation of MLRPC 8.1(b). *See Attorney Grievance Comm'n v. Gray*, 436 Md. 513, 521−22 (2014) (holding that the attorney violated MLRPC 8.1(b) when he failed to respond to two letters from the Attorney Grievance Commission). The hearing judge found that Respondent failed to respond to a total of 14 letters from Petitioner regarding Mr. Brummell's, Ms. Copper's, and Ms. Holden's complaints. Those findings establish that Respondent violated MLRPC 8.1(b) in connection with his representation of Mr. Brummell, Ms. Copper, and Ms. Holden.

**MLRPC 8.4(d)**

MLRPC 8.4(d) provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]" "Conduct which is likely to impair public confidence in the profession, impact the image of the legal profession and engender disrespect for the court is conduct prejudicial to the administration of justice." *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 717 (2014). This

16

includes "[f]ail[ing] to represent a client in an adequate manner and lying to a client[,]" *Attorney Grievance Comm'n v. Reinhardt*, 391 Md. 209, 222 (2006), as well as "repeatedly fail[ing] to respond in a timely manner to Bar Counsel's inquiries[,]" *Attorney Grievance Comm'n v. Fox*, 417 Md. 504, 538 (2010). An MLRPC 8.4(d) violation also includes failing to disburse promptly settlement funds, *see Attorney Grievance Comm'n v. Mungin*, 439 Md. 290, 315 (2014), and failing to keep a client informed about the status of a case, *see Attorney Grievance Comm'n v. De La Paz*, 418 Md. 534, 556 (2011) (holding that an attorney violated MLRPC 8.4(d) by failing to inform his client of the dismissal of his client's complaint).

Respondent violated MLRPC 8.4(d), in connection with his representation of Ms. Holden, when, in the hearing judge's words, he "fail[ed] to perform any meaningful legal work" on Ms. Holden's case after accepting her fee. Respondent violated MLRPC 8.4(d), in connection with his representation of Ms. Copper, when, as the hearing judge explained, Respondent "failed to timely inform Ms. Copper of the settlement, delayed contacting her to disburse the settlement monies, misrepresented that he had mailed her a settlement breakdown letter, and failed to promptly respond to Bar Counsel[.]" Respondent likewise violated MLRPC 8.4(d), in connection with his representation of Mr. Brummell, when Respondent misrepresented to Bar Counsel that he would send promptly Mr. Brummell's case file to him, upon his written request.

**MLRPC 8.4(a)**

17

MLRPC 8.4(a) provides that "[i]t is professional misconduct for a lawyer to . . . violate or attempt to violate the Maryland Lawyer's Rules of Professional Conduct[.]" Based on Respondent's numerous other violations of the MLRPC, Respondent also violated MLPRC 8.4(a), in connection with his representation of Mr. Brummell, Ms. Copper, and Ms. Holden.

IV.

We turn now to the appropriate sanction for Respondent's misconduct. Petitioner recommends disbarment. Respondent recommends a sanction of a reprimand, asserting that the mitigating circumstances found by the hearing judge substantially diminish the seriousness of his misconduct.

The severity of the sanction for an attorney's misconduct "depends on the circumstances of each case, the intent with which the acts were committed, the gravity, nature and effect of the violations, and any mitigating factors." *Attorney Grievance Comm'n v. Ward,* 394 Md. 1, 33 (2006) (citations omitted). The purpose of a sanction is not to punish the attorney, *Attorney Grievance Comm'n v. Garcia*, 410 Md. 507, 521 (2009), but rather, "to protect the public and the public's confidence in the legal profession[,]" *see Attorney Grievance Comm'n v. Zimmerman*, 428 Md. 119, 144 (2012). "Sanctions accomplish these goals by deterring intolerable conduct and keeping those unfit to practice law from doing so." *Id*.

We have imposed the sanction of disbarment "[i]n cases involving flagrant neglect of client affairs, including failure to communicate with clients or respond to inquiries from

18

Bar Counsel[.]" *Attorney Grievance Comm'n v. Lara*, 418 Md. 355, 365 (2011). In *Lara*, we held that disbarment was appropriate where the attorney deposited unearned fees into his personal account, effectively abandoned his clients, and failed to respond to Bar Counsel's requests for information, in violation of MLRPC 1.3, 1.4, 1.15, 1.16(d), 8.1(b), and 8.4(a) and (d). *Id*. at 361-65. Similarly, in *Attorney Grievance Comm'n v. Tinsky*, 377 Md. 646, 655 (2003), we disbarred an attorney for his "lack of diligence, his lack of preparation, his failure to communicate with his clients, his charging of unreasonable fees, his failure to account for and return monies, his misrepresentations, and his failure to comply with Bar Counsel's requests[,]" in violation of MLRPC 1.1, 1.3, 1.4(a) and (b), 1.16(d), and 8.4(d). *See also Fox*, 417 Md. at 544-45 ("The combination of Respondent's violations—in particular, abandonment of his clients, misrepresentation, and failure to cooperate with Bar Counsel's investigation—convinces us that Respondent is unfit to practice law in Maryland and disbarment is the appropriate sanction to protect the public.").

As in *Lara* and *Tinsky*, Respondent effectively abandoned his representation of Ms. Holden when he took a fee from her and failed to perform any meaningful work on her matter. Respondent also neglected all three complainants when he failed to communicate with them or respond to their reasonable requests for information. Accordingly, Respondent committed the same violations as the attorneys in *Lara* and *Tinsky*, in which we held disbarment to be the appropriate sanction.

Respondent's misconduct is further exacerbated by his violations of MLRPC 8.1(a) and 8.4(c), which were not present in *Lara* and *Tinsky*, when he misrepresented to Mr.

19

Brummell and Petitioner that he would return promptly Mr. Brummell's case file. In *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376 (2001), we held that disbarment is the default sanction "in cases of intentional dishonesty, misappropriation cases, fraud, stealing, serious criminal conduct and the like" and that "we will not accept, as 'compelling extenuating circumstances,' anything less than the most serious and utterly debilitating mental or physical health conditions[.]" *Vanderlinde*, 364 Md. at 413. Since *Vanderlinde*, however, this Court has clarified that *Vandelinde* is not a "bright-line rule," and "we must still examine the facts, circumstances, and mitigation in each case" to determine the appropriate sanction. *Attorney Grievance Comm'n v. Lane*, 367 Md. 633, 647 (2002).

In the end, "[t]he appropriate sanction depends on the facts and circumstances of the case before us, including our assessment of aggravating and mitigating factors[.]" *See Attorney Grievance Comm'n v. Levin*, 438 Md. 211, 228 (2014). Several facts point us in the direction of a sanction short of disbarment. We find significant the hearing judge's finding that Respondent was experiencing personal problems, stemming from his divorce and child custody proceedings, during the time of his misconduct. Prior to these difficulties, Respondent never had been formally disciplined. Moreover, as found by the hearing judge, much of Respondent's misconduct resulted from his personal issues, which took an emotional toll on him during this time, rather than solely a dishonest or selfish motive. Furthermore, during oral argument before us, Petitioner informed us that Respondent returned the $2,500 fee to Ms. Holden. Respondent's conduct diverges from

20

that in *Lara* and *Tinsky*, in which the attorneys never returned their unearned fees. *See Lara*, 418 Md. at 362; *Tinsky*, 377 Md. at 650.

In light of these factors, this case warrants a sanction less severe than disbarment. Personal issues, however, do not excuse an attorney's abrogation of his professional duties. Respondent's misconduct was severe—he abandoned Ms. Holden, made misrepresentations to Mr. Brummell and Petitioner, and failed utterly to cooperate with Petitioner's investigation. Under the totality of the circumstances, taking into account the mitigating factors, we conclude that the appropriate sanction is an indefinite suspension.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761(b), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RONALD CLAUDE BRIGERMAN, JR.**

21