*Attorney Grievance Commission of Maryland v. Patricia DuVall Storch*, Misc. Docket AG No. 7, September Term, 2014. Opinion by Greene, J.


ATTORNEY DISCIPLINE – In the present case, an attorney appointed as personal representative of an estate failed to make timely filings and attend hearings. After her termination as personal representative, she repeatedly failed to comply with court orders to turn over all estate property to the successor personal representative. The attorney's misconduct resulted in the following violations of the MLRPC 1.1; 1.2(a); 1.3; 1.16(a) and (d); 3.4(a) and (c); and 8.4(a) and (d). Accordingly, the appropriate sanction is indefinite suspension.

Circuit Court for Howard County
Case No. 13-C-14-098914
Argued: September 3, 2015

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 7

September Term, 2014
_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND
v.

PATRICIA DUVALL STORCH
_____

Greene
Adkins
McDonald
Watts
Harrell, Jr., Glenn T. (Retired,
     Specially Assigned)
Wilner, Alan J. (Retired,
     Specially Assigned),

JJ.
_____

Opinion by Greene, J.
_____

Filed: October 19, 2015

The Attorney Grievance Commission of Maryland ("Petitioner"), acting pursuant to

Maryland Rule 16-751(a), filed a "Petition For Disciplinary or Remedial Action" against

Patricia DuVall Storch ("Respondent" or "Storch"), on April 25, 2014. Petitioner charged

Storch with violating various Maryland Lawyers' Rules of Professional Conduct ("MLRPC"

or "Rule"), specifically Rule 1.1 (Competence),[1] Rule 1.2(a) (Scope of Representation and

Allocation of Authority Between Client and Lawyer),[2] Rule 1.3 (Diligence),[3] Rule 1.16(a)

and (d) (Declining or Terminating Representation),[4] Rule 3.2 (Expediting Litigation),[5] Rule

---

[1] MLRPC 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] MLRPC 1.2(a) provides in pertinent part that a lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. . . ."

[3] MLRPC 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] MLRPC 1.16 provides in pertinent part:
    (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
        (1) the representation will result in violation of the Maryland Lawyers' Rules of Professional Conduct or other law;
    ***
    (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating

2

3.4(a) and (c) (Fairness to Opposing Party and Counsel),[6] and Rule 8.4(a) and (d) (Misconduct).[7]

This Court referred the matter to the Honorable Richard S. Bernhardt of the Circuit Court for Howard Country for a hearing and to render findings of fact and recommended conclusions of law pursuant to Maryland Rule 16-757. Judge Bernhardt conducted an evidentiary hearing on November 19, 2014. Petitioner was represented by former Assistant Bar Counsel James Gaither. Respondent was not present, despite issuance of proper notice. Thereafter, Judge Bernhardt issued "Findings of Fact and Conclusions of Law," in which he found, by clear and convincing evidence, that Storch's acts constituted violations of MLRPC 1.1, 1.2(a), 1.3, 1.16(a) and (d), 3.2, 3.4(a) and (c), and 8.4(a) and (d). Judge Bernhardt's findings of fact and conclusions of law are summarized in pertinent part as follows:

### Findings of Fact

to the client to the extent permitted by other law.

[5] MLRPC 3.2 provides: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[6] MLRPC 3.4 provides in pertinent part that "[a] lawyer shall not: (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; . . . [or] (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists. . . ."

[7] MLRPC 8.4 provides in pertinent part that "[i]t is professional misconduct for a lawyer to: (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; . . . [or] (d) engage in conduct that is prejudicial to the administration of justice. . . ."

Respondent was admitted to the practice of law in Maryland on December 10, 1982. She was appointed personal representative of the Estate of George Gault on or about May 2, 2007. As personal representative, Respondent failed to timely file Interim Accounts, failed to appear for hearings before the Orphans' Court for Howard County, and failed to file a required certificate of service. As a result, on July 11, 2012, the Orphans' Court for Howard County issued an Order removing Respondent as personal representative and appointed successor personal representative, Michael W. Davis. This Order further required Respondent to deliver to Mr. Davis all of the estate property: approximately $50,000 in a checking account, the decedent's residence (worth approximately $264,000), a Charles Schwab investment account, two IRA accounts at T.Rowe Price, and the ledgers, books, and accountings related to the Estate. Respondent continued nonetheless to act as personal representative of the Estate and did not turn over the estate property to Mr. Davis.

On August 29, 2012, upon Respondent's continued failure to comply with the July 11, 2012 Order, Mr. Davis filed a Petition for Constructive Civil Contempt. The Orphans' Court issued a Show Cause Order for Contempt and scheduled a hearing for October 3, 2012. At the October 3 hearing, the Orphans' Court found Respondent in constructive civil contempt of the July 11, 2012 Order and provided Respondent with the opportunity to purge her contempt if she delivered the estate property to Mr. Davis by October 9, 2012. Respondent failed to deliver the estate property to Mr. Davis by October 9, 2012. Consequently, the Orphans' Court issued a Show Cause Order for Contempt on October 12, 2012, requiring

4

Respondent to show cause in writing as to why the court should not find her in contempt for failure to purge her prior contempt by not delivering the estate property to Mr. Davis. The Orphans' Court further scheduled a hearing for October 31, 2012 and ordered Respondent to produce all estate property to Mr. Davis in the presence of the court. Although Respondent appeared before the Orphans' Court on October 31, she failed to produce the estate property at the hearing, and left during the hearing without the permission of the court. The Orphans' Court found Respondent in direct civil contempt of its October 3, 2012 Order and imposed continuing fines against Respondent until she delivered the estate property to Mr. Davis. Based on the record before us, Respondent has yet to deliver the estate property to Mr. Davis and remains in contempt.

## Conclusions of Law

Rule 1.1 requires an attorney to provide competent representation to a client by applying the appropriate legal knowledge, skill, thoroughness, and preparation necessary for client matters. *Attorney Grievance Comm'n v. Shakir*, 427 Md. 197, 205, 46 A.3d 1162, 1167 (2012). Failure to make the proper and required filings in a client matter demonstrates a lack of the appropriate preparation and thoroughness necessary to provide competent representation. *Attorney Grievance Comm'n v. Guida*, 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006) (concluding that an attorney's failure to file the necessary documents in his client's adoption matter demonstrated a lack of preparation and thoroughness, in violation of MLRPC 1.1). Failure to attend a court appearance also violates Rule 1.1, absent sufficient

explanation. *Attorney Grievance Comm'n v. Mooney*, 359 Md. 56, 74, 753 A.2d 17, 26 (2000). Here, Respondent failed to timely file Interim Accounts, failed to appear for hearings before the Orphans' Court, and failed to file a required certificate of service.

The above behavior also violates Rules 1.2(a) and 1.3. Rule 1.2 requires an attorney to abide by a client's decisions concerning the objectives of the representation and, when appropriate, to consult with the client as to the means by which those objectives are to be pursued. When a lawyer fails to take any steps towards the client's objective, the lawyer necessarily fails to abide by the client's decision concerning that objective. *Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 223, 46 A.3d 1169, 1177 (2012) (citing *Attorney Grievance Comm'n v. Granger*, 374 Md. 438, 455, 823 A.2d 611, 621 (2003)). Rule 1.3 states that a lawyer shall act with reasonable diligence and promptness in representing a client. As personal representative of the Estate of George Gault, Respondent had an obligation to file Interim Accounts in a timely fashion and, when necessary, appear for hearings. Once the Orphans' Court removed her as personal representative, Respondent had a duty to the Estate to turn over the property in her possession to the successor personal representative. Both the failure to file Interim Accounts and the failure to turn over the Estate property to Mr. Davis is conduct that demonstrates a lack of diligence and promptness.

Rule 1.16(a) requires an attorney to withdraw from representation if the representation will result in a violation of the MLRPC or other law. Rule 1.16(d) states that upon

6

termination of representation, an attorney shall take steps to protect a client's interests. This includes surrendering papers and property to which the client is entitled. Respondent violated Rule 1.16(a) by continuing to act as personal representative despite Orders issued by the Orphans' Court. Furthermore, by failing to turn over Estate property following her removal, Respondent violated Rule 1.16(d).

Respondent's failure to turn over Estate property after her removal also violates Rules 3.2 and 3.4. Rule 3.2 states that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client. Rule 3.4(a) states, in part, that an attorney shall not unlawfully obstruct another party's access to evidence. In addition, Rule 3.4(c) states that an attorney shall not knowingly disobey an obligation under the rules of a tribunal. Respondent continually failed to turn over property despite several Orders issued by the Orphans' Court requiring her to appear before it and turn over property in her possession. This unnecessarily delayed the administration of the Estate and prevented the successor personal representative from handling the matters of the Estate. Respondent's failure to relinquish the Estate property also demonstrated an intentional disregard for the Orders of the Orphans' Court. Rule 8.4(a) states that it is professional misconduct for an attorney to violate or attempt to violate the MLRPC. As a result of the violations above, Respondent also violated Rule 8.4(a). Pursuant to Rule 8.4(d), it is professional misconduct for an attorney to engage in conduct that is prejudicial to the administration of justice. Failure to attend hearings, pursue her client's objectives, and multiple failures to abide by the Orders

7

of the Orphans' Court all represent conduct that is prejudicial to the administration of justice.

## Discussion

In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record. *Attorney Grievance Comm'n v. Jarosinski*, 411 Md. 432, 448, 983 A.2d 477, 487 (2009). Where no exceptions are filed timely to the hearing judge's findings of fact, we "may treat the findings of fact as established for the purpose of determining appropriate sanctions[.]" Md. Rule 16-759(b)(2)(A). "In other words, we deem the hearing judge's findings of fact 'correct if (1) they are not clearly erroneous, or (2), at the Court's option, if neither party filed exceptions to them.'" *Attorney Grievance Comm'n v. Bell*, 432 Md. 542, 558, 69 A.3d 1040, 1049 (2013) (quoting *Attorney Grievance Comm'n v. Kremer*, 432 Md. 325, 334, 68 A.3d 862, 868 (2013)). We review the hearing judge's conclusions of law for legal correctness. Md. Rule 16-759(b)(1).

Neither party has taken timely exception to the hearing judge's findings. Therefore, we deem Judge Bernhardt's findings of fact as established. *Bell*, 432 Md. at 558, 69 A.3d at 1049. As to his conclusions of law, the hearing judge determined that Storch violated MLRPC 1.1, 1.2(a), 1.3, 1.16(a) and (d), 3.2, 3.4(a) and (c), and 8.4(a) and (d).[8] Based upon

---

[8] We note that Storch's misconduct occurred while she was acting as personal representative of the Estate and not in her capacity as either the attorney for the Estate or the attorney for the personal representative. As the Preamble (A Lawyer's Responsibilities) to the MLRPC states, "there are Rules that apply to lawyers who are not active in the practice of law or to practicing lawyers even when they are acting in a nonprofessional capacity." Md. Rule

our assessment of the record, we agree with the hearing judge's conclusions of law.

Respondent failed to properly perform her duties as the personal representative of the Estate. A personal representative is under a general duty to settle and distribute the estate in accordance with the terms of the decedent's will and the estates of decedents law, and do so expeditiously. Md. Code (1974, 2011 Repl. Vol.) § 7-101 of the Estates and Trusts Article. Section 6-303(a) of the Estates and Trusts Article provides that upon termination, a personal representative must perform acts necessary to protect property belonging to the estate while making timely delivery of the property to the successor representative. Here, Respondent's failures to make proper Interim Account filings and appear at hearings hindered the

16-812. The duties required for some non-lawyer roles have commonalities with the practice of law, such as acting as a non-attorney fiduciary, and these roles are often performed by attorneys because they have the appropriate legal ability. Susan J. Michmerhuizen & Peter Geraghty, *When is a Lawyer not a Lawyer?*, YOURABA (March 2015), http://www.americanbar.org/publications/youraba/2015/march-2015/when-is-a-lawyer-not-a-lawyer-.html [http://perma.cc/Q2G2-WRMW] (citing CHARLES W. WOLFRAM, MODERN LEGAL ETHICS, 98 (1986)). Estates and Trusts Article § 7-101 states that a personal representative is a fiduciary. A fiduciary has a duty to act in the best interests of the beneficiary; a personal representative must act in the best interests of the estate. In the case before us, Respondent, as personal representative, failed to act for the benefit of the Estate because she did not diligently or competently administer the Estate. Additionally, as this Court recently pointed out in *Attorney Grievance Comm'n v. Trye*, a lawyer is not excused from his or her obligation to the court and the opposing party to make reasonable efforts to expedite litigation even though the attorney was not acting as counsel for a party in the litigation. ___ Md. ___ (2015) (Misc. Docket AG No. 34, September Term 2014) (filed July 27, 2015) (finding that Rules 3.2 and 3.4 were applicable to respondent when she represented herself in her divorce proceeding). Not unlike the attorney in *Trye*, Storch was not counsel of record but utilized the skills and knowledge of an attorney in her capacity as personal representative. Therefore, Storch's conduct as personal representative under the MLRPC is subject to the same analysis as if she were counsel of record.

distribution of the Estate. This conduct led to her termination and the appointment of a successor personal representative. Respondent's unwillingness to turn over the Estate property to the successor personal representative, despite being held in civil contempt, has compounded the delay in the administration of the Estate. The findings of the hearing judge reflect Respondent's failure to perform her duties as personal representative as prescribed by the Estates and Trust Article.

## Sanction

It is well settled that "[o]ur goal when imposing sanctions is to protect the public and the public's confidence in the legal profession, not to punish the erring attorney." *Attorney Grievance Comm'n v. Frost*, 437 Md. 245, 269, 85 A.3d 264, 278 (2014); *see Attorney Grievance Comm'n v. Usiak*, 418 Md. 667, 689, 18 A.3d 1, 14 (2011); *Attorney Grievance Comm'n v. Tanko*, 408 Md. 404, 424, 969 A.2d 1010, 1023 (2009). Sanctions protect the public when they deter future offending conduct and remove "those unfit to continue in the practice of law from the rolls of those authorized to practice in this State." *Attorney Grievance Comm'n v. Mahone*, 398 Md. 257, 268-69, 920 A.2d 458, 465 (2007). When sanctions are imposed, they should be commensurate with the nature and the gravity of the violations and the intent with which they were committed. *Attorney Grievance Comm'n v. Stein*, 373 Md. 531, 537, 819 A.2d 372, 375 (2003).

Petitioner recommends a sanction of indefinite suspension. Petitioner asserts that this sanction is consistent with that imposed in prior cases involving the mishandling of an estate.

10

In *Attorney Grievance Comm'n v. Kendrick*, the attorney failed to competently handle an estate and failed to turn over all assets of the Estate as well as all financial records in her possession to the successor personal representative after she was removed. 403 Md. 489, 943 A.2d 1173 (2008). There, this Court found the respondent's conduct was not due to greed or dishonesty, but stubbornness over, and incompetence in, probate matters. *Kendrick*, 403 Md. at 522, 943 A.2d at 1191–92. Petitioner also points to *Attorney Grievance Comm'n v. Thompson*, 376 Md. 500, 830 A.2d 474 (2003), where an attorney was sanctioned with indefinite suspension for mishandling an estate, including failing to timely file reports and accounts, failing to pay estate taxes at the time of distribution, and failing to obtain approval from the Orphans' Court before taking fees. In the present case, not withstanding Respondent's conduct, she has not filed a timely response to Petitioner's Recommendation for Sanctions.

Accordingly, we agree with Petitioner's recommendation for a sanction of indefinite suspension. In attorney discipline cases, the sanction imposed depends on the facts and circumstances of each case, and in arriving at an appropriate sanction we "consider the nature of the ethical duties violated in light of any aggravating or mitigating circumstances." *Attorney Grievance Comm'n v. Paul*, 423 Md. 268, 284, 31 A.3d 512, 522 (2011). By failing to file Interim Accounts, failing to appear for hearings scheduled by the Orphans' Court, and failing to file a required certificate of service, Respondent failed to perform competent, meaningful, or complete legal services. *See Attorney Grievance Comm'n v. Brigerman*, 441

11

Md. 23, 35, 105 A.3d 467, 474 (2014) (discussing respondent's acceptance of fees from [a client] and his failure to perform any legal services on her behalf beyond a five-minute telephone call with a potential witness). Respondent exacerbated the situation by repeatedly failing to turn over the estate property to the successor personal representative, even after the Orphans' Court found her to be in contempt and levied fines against her. Although there was no finding by the hearing judge that Respondent's conduct was due to greed or dishonesty, that lack of a finding does not negate the seriousness of her misconduct. *See Kendrick*, 403 Md. at 522, 943 A.2d at 1191–92. Considering the totality of the circumstances, we conclude that the appropriate sanction for Respondent's misconduct is an indefinite suspension.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THIS COURT, INCLUDING THE COST OF TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761 FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST PATRICIA DUVALL STORCH**.