*Attorney Grievance Commission v. John Alexander Giannetti, Jr.*, Misc. Docket AG No. 54, September Term 2016

**ATTORNEY GRIEVANCE COMMISSION — DISCIPLINE — INDEFINITE SUSPENSION**

Respondent, John Alexander Giannetti, Jr., violated the Maryland Lawyers' Rules of Professional Conduct 8.4(a), (b), (c) and (d). These violations stemmed from Respondent's failure to file federal and state tax returns as well as satisfy his federal and state tax obligations for a seven-year period.

Circuit Court for Anne Arundel County
Case No. C02CV16003430
Argued: November 7, 2017

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 54

September Term, 2016

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

JOHN ALEXANDER GIANNETTI, JR.

_____

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Wilner, Alan M. (Senior Judge, Specially
Assigned),

JJ.

_____

Opinion by Greene, J.

_____

Filed:   December 15, 2017

This attorney discipline case arises out of an attorney's failure to file federal and state tax returns as well as his failure to satisfy federal and state tax obligations for a seven-year period.

The Attorney Grievance Commission of Maryland ("Petitioner" or "Commission"), acting through Bar Counsel, charged Respondent, John Alexander Giannetti, Jr., with several violations relating to his failure to file and pay federal and state incomes taxes for the years 2008 through 2015. Specifically, the Commission charged Respondent with violating the Maryland Lawyers' Rules of Professional Conduct ("MLRPC" or "Rule") 8.4 (Misconduct),[1] and the Commission filed a Petition for Disciplinary or Remedial Action, pursuant to Maryland Rule 16-751(a).

This Court referred the matter to Judge Glenn L. Klavans (the "hearing judge"), of the Circuit Court for Anne Arundel County, on November 4, 2016, to conduct an evidentiary hearing and make findings of fact and conclusions of law. The hearing judge scheduled the case for a hearing on April 28, 2017.

Petitioner served Respondent with discovery requests in the form of Interrogatories, Request for Production of Documents and/or Electronically Stored Information, and Requests for Admissions of Fact and Genuineness of Documents. Respondent failed to file any response. Upon Petitioner's Motion for Sanctions Upon Failure to Provide

---

[1] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and re-codified, without substantive change, in Title 19 of the Maryland Rules. Because we assess Respondent's conduct against the extant law at the time of his actions, we refer to the MLRPC throughout.

Discovery, the hearing judge found that Respondent's failure to respond was "without excuse or objection, was purposeful and willful, and that Respondent made no good faith effort to resolve the discovery dispute." As a result, the hearing judge deemed admitted Petitioner's Requests for Admissions of Fact and Genuineness of Documents, and prohibited Respondent from testifying or introducing evidence in opposition to Petitioner's claims. Respondent was also prohibited from offering mitigation witnesses, other than his own personal testimony. On the eve of trial, Respondent filed a Request for Postponement to Prepare Defense based on New Information and Other Facts, along with a Motion to Shorten Time for Petitioner's Response. The hearing judge heard the motion orally as a preliminary matter on the day of trial, April 28, 2017, and upon Respondent's argument as well as Petitioner's response, the hearing judge denied the motion. The Circuit Court heard evidence from Petitioner, and although Respondent was permitted to testify on his behalf as to any mitigation evidence, he did not offer any mitigation evidence. After the hearing, Judge Klavans issued his Findings of Fact and Conclusions of Law, in which he concluded that Respondent had violated Rule 8.4(a), (b), (c) and (d).

## I.

### *The Hearing Judge's Findings*

The hearing judge made the following findings of fact by clear and convincing evidence. *See* Md. Rule 19-727(c) (noting that "Bar Counsel has the burden of proving the averments of the petition by clear and convincing evidence."). Respondent was admitted to practice law in Maryland on April 6, 1995. Beginning in January 2008 and continuing through December 2015, Respondent maintained an office for the practice of law in Anne

2

Arundel County, Maryland, where he was self-employed and, therefore, was not working for an employer who withheld payroll taxes. The hearing judge found that Respondent knew he had an obligation to file tax returns and pay taxes to both the federal and state governments. With respect to the filing and payment of those federal and state tax obligations, the hearing judge found:

4. Beginning on or about April 15, 2008 and continuing through April 15, 2015, Respondent knowingly failed to timely file both federal and Maryland income tax returns. Admission 5.

5. In some years, Respondent requested and received extensions for filing his tax returns. In the years Respondent requested and received extensions, Respondent did not file a return prior to the extended date. Admission 6-7.

6. Respondent paid no Maryland State Income taxes for tax years 2008 through 2014. Admission 8.

7. On occasions when Respondent filed untimely federal and Maryland tax returns, he did not include payments for taxes owed. Admission 9.

8. During the period 2008 through 2015, Respondent made one payment on his federal income tax liability. Payment was made in 2011 and was applied to Respondent's 2007 tax liability. Admission 10-11.

&ast; &ast; &ast; &ast;

11. Respondent did not keep accurate and complete financial records of his income during the years 2008 through 2015. Admission 14.

&ast; &ast; &ast; &ast;

16. The total amount owed by Respondent for federal income taxes, according to the records provided by Respondent, was $38,107.97, which included penalties and interest for failure to file and failure to pay as of February 26, 2016.

17. The exact amount of Respondent's income tax obligation to the State of Maryland cannot be determined by this [Circuit] Court, since Respondent provided no information regarding his state tax liability to Bar Counsel. The State, however, has a tax lien in excess of $112,000.00 against Respondent. Judge Klavans noted that Respondent "chose not to testify as to the presence of any

physical and/or mental health problem and/or other mitigating factors related to his failure

3

to file timely tax returns and pay his tax obligations." The hearing judge found that Petitioner's investigator, and sole witness at trial, did not suspect Respondent of having a substance abuse problem. Finally, the hearing judge found that although the Petitioner's witness did not understand all of the information on the Internal Revenue Service ("IRS") reports, "it was clear from the records that for each tax year 2008 through 2014, the IRS had imposed penalties for not paying income taxes in a timely manner and for every tax year 2008 through 2014, the IRS imposed penalties for not filing a return in a timely manner."

## II.

### *The Hearing Judge's Conclusions of Law*

Judge Klavans concluded by clear and convincing evidence that Respondent violated MLRPC 8.4(a), (b), (c) and (d). As he explained:

> **The following conclusions of law were supported by clear and convincing evidence:**
>
> The Petition alleged that Respondent violated Maryland Lawyers' Rule of Professional Conduct 8.4(a)-(d) (as enumerated at the time of the misconduct), which provides, in relevant part:
>
> **Rule 8.4 Misconduct**
>
> It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice;

4

The Court of Appeals has long recognized that willful failure to file tax returns and/or pay taxes is professional misconduct, even in the absence of fraud and/or dishonest intent. *See Attorney Grievance Commission [of] Maryland v. Walman,* 280 Md. 453, 459, 463, 374 A.2d 354, 358-59, 360 (1977). An intentional and voluntary violation of a known legal duty, such as willful failure to file income tax returns, is sufficient to constitute a violation of the Maryland Lawyers' Rules of Professional Conduct. *Attorney Grievance Commission* v. *Katz,* 429 Md. 308, 317-18 (2012). For the reasons discussed below, this Court finds clear and convincing evidence that Respondent violated MLRPC 8.4(a) through (d). *See Attorney Grievance Commission v. Atkinson,* 357 Md. 646, 655-56, 745 A.2d 1086, 1091 (2000) (An attorney's failure to file returns and pay taxes for a period of ten years violated MLRPC (b), (c) and (d).).

With regard to finding a violation of MLRPC 8.4(b), a two-part test must be applied. The Court must first find that the lawyer's conduct violated a criminal statute. Prosecution and conviction are not necessary. The Court only needs to find clear and convincing evidence that the conduct was in violation of the law. *See, e.g., Attorney Grievance Commission v. Proctor*, 309 Md. 414, 418, 524 A.2d 773, 776 (1987). That part of the test has been met. Willful failure to file returns and/or to pay personal income taxes is a crime under both federal and Maryland Law. *See Attorney Grievance Commission v. Tayback*, 378 Md. 578, 587, 837 A.2d 158, 164 (2003). In this case, there were conclusive findings that Respondent knowingly, intentionally and voluntarily failed to file both state and federal tax returns in a timely manner for a period of at least seven years, 2008 through 2015. Owing [taxes for] those seven years, he knowingly failed to pay Maryland State taxes and made only one late payment on his federal income tax obligation. The fact that Respondent's failures were knowing was established by the admissions. The facts that Respondent's failure began after he became self-employed and no longer subject to withholding taxes, that he filed requests for extensions of the time in which to file his federal Income Tax Returns in some years but then failed to file and/or pay within the extended period, and his statements to [Bar Counsel's investigator] provided additional clear and convincing evidence that Respondent was well aware of the requirements of the law and that his failure to meet this known obligation was, therefore, willful and intentional. Respondent offered no mitigation evidence to the contrary.

With regard to the second part of the test, the Court of Appeals has previously determined that criminal conduct involving failure to file returns

5

and pay taxes adversely reflects on the lawyers' honesty, trustworthiness and/or fitness as a lawyer in other respects. "Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. . . . A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." MLRPC 8.4 Comment [2].

In *Attorney Grievance Commission v. Atkinson*, 357 Md. 646, 656, 745 A.2d 1086, 1091 (2000), the Court of Appeals found that an attorney's failure to file returns and/or pay taxes for a ten year period violated MLRPC 8.4(b). In *Atkinson*, the Court of Appeals found that the lawyer had purposefully avoided almost all contact with both the state and federal income taxing authorities and at no point exhibited, over a period of eleven years, any real intention to fulfill her duties of filing the required returns and paying the taxes due, until the authorities discovered her delinquency and contacted her. In this case, Respondent demonstrated a similar purposeful avoidance. Except for the filing of a 2007 return in March 2011 and a single credit of payment in August 2014, (Petitioner's exhibit 2, pages 1-2), Respondent failed to exhibit any efforts to correct the on-going delinquency until after he admitted his conduct while testifying in the family law matter in August 2014, that he had not filed returns for a number of years, and even then he did not promptly act to correct the problems. As of March 2016, Respondent had not yet entered into a payment plan with the IRS and/or the State of Maryland. As of the hearing date, April 28, 2017, there was no evidence of any efforts by Respondent to correct the situation. *Atkinson*, 351 Md. at 653-55, 745 A.2d at 1090. *See also Tayback*, 378 Md. at 587-90, 837 A.2d at 164-65.

Based on the foregoing, there was clear and convincing evidence that Respondent violated MLRPC 8.4(b).

Respondent's continued failure to file timely returns and pay taxes due and/or overdue also constituted conduct involving dishonesty, in violation of MLRPC 8.4(c). In *Atkinson*, the Court of Appeals overruled an exception to the hearing judge's finding that the lawyer's failure to contact an IRS agent to remedy the situation after failing to file returns for a number of years was, "at best, dishonest." The Court explained that the hearing court correctly characterized *Atkinson's* particular misconduct as dishonest, ". . . if only because of the substantial duration in time over which she failed to pay *both* state and federal income taxes. The repeated failure to file tax returns -- particularly when it spans an uninterrupted period of over ten years - is not a minor criminal offense, [it] is a dishonest act . . . " (emphasis in original) 357 Md. at 655, 745 A.2d at 1091. Although in this case the evidence of

6

Respondent's failure to file timely returns and pay taxes extends a few years less than that in *Atkinson*, the misconduct went on for a substantial duration of time and may be ongoing.

For the foregoing reasons, there was clear and convincing evidence that Respondent violated MLRPC 8.4(c).

The Court of Appeals has also previously determined that an attorney's willful failure to file tax returns and pay taxes constituted conduct prejudicial to the administration of justice. The conduct described above provided clear and convincing evidence that Respondent engaged in conduct likely to erode the public's confidence in the legal profession and that this conduct was prejudicial to the administration of justice, in violation of MLRPC 8.4(d). *See Tayback*, 378 Md. at 592, 837 A.2d at 166; *Walman*, 280 Md. at 463, 374 A.2d at 360.

With regard to MLRPC 8.4(a), the violations of the other subsections of this Rule provided clear and convincing evidence that Respondent violated the MLRPC, thereby violating MLRPC 8.4(a).

## III.

Neither party has taken exception to the hearing judge's findings of fact or conclusions of law. Where no exceptions to the hearing judge's findings of fact are filed, this Court "may treat the findings of fact as established for the purpose of determining appropriate sanctions." *Attorney Grievance Comm'n v. Gray*, 444 Md. 227, 250, 118 A.3d 995, 1008 (2015). We, therefore, deem Judge Klavans' findings of fact as established by clear and convincing evidence. *See* Rule 19-727(c); *see also Gray*, 444 Md. at 250, 118 A.3d at 1008. We review the hearing judge's conclusions of law *de novo*. *Attorney Grievance Comm'n v. Storch*, 445 Md. 82, 89, 124 A.3d 204, 208 (2015). Judge Klavans determined that Respondent violated MLRPC 8.4(a), (b), (c) and (d). Based upon our

7

independent review of the record, we are satisfied that the facts support the hearing judge's conclusions of law.

*Discussion*

Rule 8.4 provides, in pertinent part, that:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice[.]

This Court has recognized that not only is the "willful failure to file returns and/or to pay personal income taxes [] a crime under both federal and Maryland law" but that the "repeated failure to timely file tax returns is a serious violation of the [MLRPC]." *Attorney Grievance Comm'n v. Tayback*, 378 Md. 578, 587, 588, 872 A.2d 158, 164 (2003) (observing that the Comment to MLRPC 8.4 begins "Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return." *Id.* at 588, 872 A.2d at 164.). The Court has plainly declared that the repeated failure to file tax returns "is a dishonest act" in violation of Rule 8.4. *Attorney Grievance Comm'n v. Atkinson*, 357 Md. 646, 655, 745 A.2d 1086, 1091 (2000). Moreover, a "conviction for tax evasion is not a necessary predicate to support a finding of dishonesty." *Id.* at 655-56, 745 A.2d at 1091.

In *Tayback*, this Court noted that "[t]he willful failure to file returns and/or to pay personal income taxes is a crime under both federal and Maryland law." 378 Md. at 587, 837 A.2d at 164. Respondent violated Rule 8.4(b) when he willfully failed to timely file, or pay, his federal and state income taxes for a seven-year period starting in 2008 and lasting through 2015. *See, e.g.* 26 U.S.C. § 7203;[2] Maryland Code, Tax-General Article, § 13-1001(d) (1988, 2016 Repl. Vol.).[3] Aside from filing his 2007 federal tax return in March 2011 as well as making one payment in August 2014 towards his federal tax liability, which was applied to his 2007 tax liability, Respondent has avoided rectifying the delinquencies related to his tax obligations.

---

[2] "26 U.S.C. § 7203 entitled 'Willful failure to file return, supply information, or pay tax' provides:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 years, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure. In the case of a willful violation of any provision of section 60501, the first sentence of this section shall be applied by substituting "felony" for "misdemeanor" and "5 years" for "1 year.'"

[3] Md. Code, § 13-1001(d) of the Tax-General Article provides:

> A person who is required to file an income tax return and who willfully fails to file the return as required under Title 10 of this article is guilty of a misdemeanor and, on conviction, is subject to a fine not exceeding $10,000 or imprisonment not exceeding 5 years or both.

9

In fact, Respondent first testified in open court during a family law-related proceeding in August 2014 about his failure to comply with his tax-related responsibilities. Nearly *three* years later, at the disciplinary hearing in April 2017, Respondent still had not resolved—either by paying or by entering into a payment plan—his outstanding tax liabilities.[4] Further, in some of the years that Respondent failed to file and pay his taxes, he requested and received extensions for filing his returns. Despite receiving extensions to file, Respondent continued to *not* file his returns.

Respondent's persistent failure to file and pay his federal and state taxes over a continuous span of seven years constitutes a dishonest act in violation of Rule 8.4(c). *See Atkinson*, 357 Md. at 655, 745 A.2d at 1091 ("The repeated failure to file tax returns– particularly when it spans an uninterrupted period of over ten years– is not a minor criminal offense, [it] is a dishonest act.").

Finally, Respondent's willful failure to file returns or pay his taxes from 2008 through 2015 is a violation of Rule 8.4(d) as conduct that is "prejudicial to the administration of justice because 'it cheats and defrauds the government.'" *Worsham*, 441 Md. 105, 130, 105 A.3d 515, 530 (2014) (recognizing that although an attorney's willful failure to file or pay tax returns does not cause direct harm to a client, the act itself is "prejudicial to the administration of justice because it 'cheats and defrauds the government.'") (quoting *Maryland State Bar Ass'n v. Agnew*, 271 Md. 543, 551, 318 A.2d

---

[4] Respondent acknowledged at Oral Argument that, as of November 6, 2017, his outstanding tax balance with the federal government was $41,628 and was $23,032.73 with the state government.

10

811, 816 (1974)). "By willfully failing to file his tax returns, a lawyer appears to the public to be placing himself above the law." *Attorney Grievance Comm'n v. Baldwin*, 308 Md. 397, 407-08, 519 A.2d 1291, 1297 (1987). At a minimum, the conduct with which Respondent is charged—the repeated failure to file his tax returns— "reflects adversely on a lawyer's honesty, trustworthiness and fitness to practice law." *Atkinson*, 357 Md. at 655, 745 A.2d at 1091.

We agree with the hearing judge that Respondent violated Rules 8.4(b), (c) and (d). Because Respondent violated MLRPC 8.4(b), (c) and (d), he also violated Rule 8.4(a). *See Attorney Grievance Comm'n v. Katz*, 443 Md. 389, 407, 116 A.3d 999, 1010 (2015) ("It goes without saying that because [the attorney] violated MLRPC 8.4(b), (c), and (d), he also violated MLRPC 8.4(a), which states, in part, that it is professional misconduct for an attorney to violate the MLRPC."); *see also Attorney Grievance Comm'n v. Phillips*, 451 Md. 653, 677, 155 A.3d 476, 490 (2017).

## IV.

### *Sanction*

Having determined that Respondent violated Rule 8.4(a), (b), (c), and (d), we must now decide the appropriate sanction for Respondent's misconduct. In doing so, we remain mindful that the goal of attorney discipline is to not to punish the errant attorney but to "protect the public and the public's confidence in the legal profession[.]" *Attorney Griveance Comm'n v. Brigerman*, 441 Md. 23, 41, 105 A.3d 467, 477 (2014). An appropriate sanction measures the attorney's misconduct against any aggravating or mitigating factors as well as the attorney's prior grievance history. *Atkinson*, 357 Md. at

11

656, 745 A.2d at 1092.  With respect to an attorney's failure to file income tax returns, an important consideration is the intention and motive of the attorney. *Id*.; *see also Worsham*, 441 Md. at 132, 105 A.3d at 531.  ("Generally, when the willful failure to file is not the result of a fraudulent intent, suspension is the appropriate sanction.  By contrast, disbarment is the appropriate sanction when the misconduct was the result of intentional dishonest conduct for personal gain." (internal citations omitted)).

Petitioner recommends a sanction of indefinite suspension with the right to apply for reinstatement after one year.  Respondent, at oral argument, suggested that the appropriate sanction would be either a formal or informal reprimand, perhaps with conditions such as monitoring.

The hearing judge found only one mitigating factor: that Respondent fully cooperated with Bar Counsel's investigation.  Given that Respondent is obligated under the MLRPC[5] to cooperate with an investigation by Bar Counsel, we do not place much weight on Respondent's cooperation as a mitigating factor.

With respect to aggravating factors, the hearing judge found eight aggravating factors including that Respondent had been previously reprimanded by the Commission

---

[5] Rule 8.1 provides in pertinent part:
> [A] . . . lawyer in connection with a . . . disciplinary matter, shall not:
> (a) knowingly make a false statement of material fact; or
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information form an admission or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

for conduct unrelated to filing or payment of taxes, Respondent was motivated by pecuniary gain through his tax avoidance, Respondent exhibited a pattern of misconduct that persisted from 2008 through the date of the hearing, and Respondent violated multiple provisions of the MLRPC. The hearing judge found that Respondent's twenty-two years of experience practicing law was an aggravating factor. Additionally, Judge Klavans found as an aggravating factor that Respondent was indifferent about making restitution towards his tax obligations. Another aggravating factor was that Respondent violated both federal and state law by failing to file and pay his tax obligations. Finally, the hearing judge found that Respondent obstructed the proceedings by failing to respond to Bar Counsel's discovery requests "in any way whatsoever."

Petitioner's recommendation that Respondent be indefinitely suspended from the practice of law with the right to apply for reinstatement after one year is entirely consistent with our case law. For example, we have previously held that suspension with the right to apply for reinstatement after one year was warranted for an attorney who violated MLRPC 8.4 (b), (c) and (d) when she failed to file and pay federal and state income taxes for a period of more than ten years. *Atkinson*, 357 Md. at 659, 745 A.2d at 1093. In *Tayback*, the Court held that the Respondent violated MLRPC 8.4(b), (c) and (d) when he willingly failed to file his federal income tax return for a period of years in the late 1980s and then again in the early 1990s. 378 Md. at 595, 837 A.3d at 168. In that case, this Court held that the appropriate sanction was indefinite suspension with the right to apply for reinstatement after sixty days. *Id*. In *Attorney Grievance Comm'n v. Clark*, the attorney failed to timely file employee withholding tax returns, failed to remit the taxes withheld,

13

and failed to hold the withheld taxes in a trust account. 363 Md. 169, 182, 767 A.2d 865, 873 (2001). This Court issued a sanction of indefinite suspension with the right to apply for reinstatement immediately for that attorney, who, among other factors, had completed a payment plan with the Comptroller to satisfy his tax obligations by the time of oral argument before the Court. *Id*. at 184, 767 A.2d at 874. By way of contrast, this Court sanctioned an attorney with disbarment upon the attorney's repeated and willful failure to timely file federal tax returns for a period of fourteen years and "underpaid his taxes for 15 years to the tune of approximately $2.5 million." *Katz*, 443 Md. at 409, 116 A.3d at 1011 (observing that "[t]his misconduct is far more egregious than that of other attorneys we have suspended for failure to file and pay their incomes taxes." *Id*.).

At oral argument, Respondent distinguished his case from the facts of *Atkinson* on the basis that the attorney in that case did not file for an extension to file her taxes, whereas each year Respondent did file for an extension. According to Respondent, this detail is important because it suggests that he "was not hiding" from the IRS. It is true that this Court noted in *Atkinson* that the attorney in that case

> purposefully avoided almost all contact with both the state and federal income taxing authorities and at no point exhibited, over a period of eleven years, any real intention to fulfill her duties of filing the required returns and paying the taxes due, until the authorities discovered her delinquency and contacted her.

357 Md. at 654, 745 A.2d at 1090. We, however, are unpersuaded that Respondent's act of filing for extensions each year is a helpful distinction. Although Respondent may have had more contact with the IRS than the attorney in *Atkinson*, through his act of filing for

14

extensions, the fact remains that Respondent failed to pay the taxes owed, even when those extensions were granted. Indeed, Respondent's act of requesting extensions then not filing the tax returns evinces a strong suggestion that he did not have any real intention to confront, or fulfill, his tax obligations.

Respondent's case is strikingly similar to *Atkinson* in several other ways. The attorney in *Atkinson* failed to file and pay her federal *and* state income taxes for over ten years. Although we do not view cooperation with the IRS as a mitigating factor, we note that the attorney in *Atkinson* had established a plan with the IRS to discharge her debts. 357 Md. at 657-58, 745 A.2d at 1092. Here, Respondent offered no evidence at all of a payment schedule to settle his obligations. Respondent's tax avoidance lasted for a substantial number of years, just as in *Atkinson*. Moreover, Respondent's misconduct has gone uninterrupted for at least seven years and, as Judge Klavan noted, it "may be ongoing." As compared to the attorney in *Tayback*, who failed to file and pay his federal income taxes for several years, we determine that Respondent's case aligns consistently with *Atkinson*. Respondent's conduct of continually failing to file or pay both his federal and state taxes for a period of seven years and the filing of extensions without paying his taxes warrants an indefinite suspension from the practice of law with the right to apply for reinstatement no sooner than one year after the date of filing of this opinion. The suspension will begin thirty days after the date on which this opinion is filed. As a condition of reinstatement, Respondent shall comply with Md. Rule 19-752. In addition, as a condition of reinstatement, we order Respondent to provide documentation to Bar

15

Counsel that he has rendered himself in good standing with respect to his federal and state tax obligations in the event he files a petition for reinstatement.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS PURSUANT TO MARYLAND RULE 19-709(b), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JOHN ALEXANDER GIANNETTI, JR. RESPONDENT'S SUSPENSION SHALL COMMENCE THIRTY DAYS FROM THE FILING OF THIS OPINION.**